JOHN C. NICHOLS *vs.* DAVIS P. BUCKNAM.

Suffolk.   Nov. 17, 1874. — May 8, 1875.   WELLS & DEVENS, JJ., absent.

If a person, to save his property from being sold on legal process, pays a debt which another is legally bound to pay, he may maintain an action against such other person upon an implied assumpsit.

A bill of exceptions, in a case tried without a jury, stated that A. made a contract with B. to furnish the labor and materials for building a house on A.'s land ; that B. employed C. and neglected to pay him ; that C. then brought an action to enforce a lien upon the land for his labor, and obtained a verdict in his favor ; that B. knew of the proceedings and testified at the trial; that A. then paid C. the amount of the verdict and costs, and also paid a certain sum for counsel fees; and that the judge, upon the foregoing facts, ruled that A. was entitled to recover the amount of the verdict without costs or counsel fees.   *Held*, that the decision of the judge in matters of fact was conclusive, and that there was nothing in the bill of exceptions to show that he erred in matter of law in holding that the costs and counsel fees should be disallowed.

A. made a contract with B. to build a house on A.'s land.   B. employed C. to do the plastering and brick work, and C. hired D. as a workman.   B. afterwards gave C. an order on A. for $200, " on account of plastering," which A. paid, and took a receipt from C. for the money " on account of work done."   The whole bill for plastering was $224, and the bill for brick work was $518   C. sued B. and credited

him with the $200 generally. D. enforced a lien on A.'s land for labor in plastering. A. then brought an action against C. for the $200, on an alleged promise to pay the workmen on the building. The judge before whom the case was tried, without a jury, ruled on the above facts, that the plaintiff could not recover. *Held*, that the plaintiff had no ground of exception.

CONTRACT. The declaration contained three counts. The first and second counts were for money paid to prevent the enforcement of a mechanic's lien for labor on a block of houses owned by the plaintiff, which money the defendant agreed to pay. The third count was for money had and received. The bill of particulars contained two items, the first being: " To cash paid defendant on his promise to pay workman on plaintiff's building in Somerville which defendant neglected to do, $200; " and the second item was for interest.

Trial in the Superior Court, without a jury, before *Lord*, J., who allowed a bill of exceptions in substance as follows :

On July 21, 1870, Milo Scott entered into a written contract with the plaintiff to furnish the labor and materials and build a block of houses on the land of the plaintiff in Somerville, for the sum of $5450. The defendant verbally agreed with Scott to furnish material and do the plaster and brick work of the block, and thereafter actually furnished the material and performed the work. In so doing the defendant employed William E. Bucknam, his brother, with other men, to work on the block ; and William E. actually worked on said block for the defendant, from August 5, 1870, to October 1870, charging therefor the sum of $253.25, and agreeing not to call on the defendant for his pay till Scott had paid him.

In November, 1870, William E. Bucknam commenced pro ceedings to enforce his lien against said land and block of houses, and obtained a verdict in the Superior Court for the County of Middlesex, on January 15, 1872, for the sum of $206.82, as damages, and costs taxed at $45.42, though no decree for a sale of the premises was ever entered. The defendant knew of the proceedings to enforce said lien, and was present, and testified in favor of his brother at the trial.

The plaintiff, on March 14, 1872, paid William E. Bucknam the amount of said verdict and costs as above stated, to avoid further proceedings for the enforcement of said lien ; and at March term 1872, of said court, William E. gave the plaintiff a

writing acknowledging "full satisfaction of the debt and costs of suit, and of judgment and decree therein," and the same was filed in court on March 14, 1872.   The plaintiff paid $68, as witness and counsel fees in defending said lien suit, and demanded of the defendant, before service of his writ, the sum of $382.21, the amount of said verdict, costs and expenses, which the defendant refused to pay.   The plaintiff had overpaid Scott on his contract to the amount of $264, before the commencement of the proceedings to enforce said lien.

The defendant commenced an action against Scott on a running account, embracing twenty-six items, — the first twenty-four items, being prior in point of time, amounted to $221.91; the twenty-fifth item was for said brick work, and amounted to $518.00 ; and the twenty-sixth item was for said plastering work, and amounted to $224.00.   The total amount of the debits in said account being $993.91, and the credits given being $545.50. In that action the defendant employed the same attorney, and obtained a verdict against Scott for the sum of $436.17, and judgment was entered thereon, February 29, 1872.

On October 29, 1870, Scott gave to the defendant the following order on the plaintiff : " Mr. Nichols : Please pay Mr. D. P. Bucknam $200 on account of plastering block.  Milo Scott."  And the defendant, on the morning of that day, presented the same to the plaintiff, who did not pay the same.   The defendant paid his men in part, who had worked on said plastering, with other money obtained by him ; and in the evening of that day the plaintiff paid to the defendant the amount of said order, who gave him the following receipt therefor : " Received of Mr. J. C. Nichols the sum of two hundred dollars on account of work done for Milo Scott.   D. P. Bucknam."   The defendant credited the $200 to Scott, and the same is the last item of credit, in point of time, in the account in the action of the defendant against Scott.

When William E. Bucknam commenced to prosecute his said lien, and ever since, there was and has been due to the defendant from Scott, for materials and labor furnished and performed as aforesaid in the erection of said block, an amount much larger than said William's claim under his lien.

The defendant never made any promise to or agreement with the plaintiff, except so far as the same can be implied in law, if

at all, from said order and receipt, and from the other facts in the case. The plaintiff requested the judge to rule that a promise was implied by law on the part of the defendant. The judge, upon the foregoing facts, ruled that such promise was implied, and that the plaintiff was entitled to recover the amount of the verdict in the lien suit, without the costs or the expenses of the plaintiff in defending that suit, and that the plaintiff was not entitled to recover on his third count, and ordered judgment accordingly for the sum of $266.82.

The defendant alleged exceptions to the ruling " that such promise was implied." The plaintiff alleged exceptions to the rulings, that he was not entitled to recover the costs in the lien suit, and that he was not entitled to recover on his third count.

*C. S. Lincoln,* for the plaintiff.

*C. Robinson, Jr.,* for the defendant.

AMES, J. It appears upon this report that the plaintiff, in order to save his property from being sold on legal process, has been compelled to pay a debt which was really due from the defendant. Under such circumstances, the law implies a request on the defendant's part, and a promise to repay ; and the plaintiff has the same right of action as if he had paid the money at the defendant's express request. *Exall* v. *Partridge,* 8 T. R. 308. 1 Smith Lead. Cas. (5th Am. ed.) 70 *a,* 73. *Hale* v. *Huse,* 10 Gray, 99.

But the costs incurred in defending against the claim stand on other grounds. The judge in the court below has held that they should be disallowed ; his decision in matter of fact is conclusive , and there is nothing in the bill of exceptions to show that he erred in matter of law in so holding.

We do not find in the bill of exceptions any reason for setting aside the ruling of the court as to the third count of the declaration. It is impossible to say, on the facts reported, that the money paid by the plaintiff was specifically appropriated to the payment of William E. Bucknam's claim, or that the defendant incurred any obligation so to apply it. It was found by the judge to have been a general payment on account, and we cannot say as a matter of law that there was any error in so finding.

The result is that the exceptions of both parties are

*Overruled.*