Before STATE INDUSTRIAL BOARD, Respondent.

Mrs. L. NEUBECK, Claimant, Respondent, v. JOHN DOSCHER and Another, Appellants.

Third Department, March 7, 1923.

Workmen's compensation — coverage — employer conducted creameries outside of New York city and business of milk delivery within New York city — chauffeur was killed in Brooklyn — appellant's policy was limited by locality and business stated to employees employed outside of New York city — policy did not cover deceased employee.

A chauffeur of the employer was killed in Brooklyn, N. Y., while engaged in the employer's milk delivery business within the city of New York. The employer conducted creameries in two towns outside of the city of New York and a milk delivery business within the city. The description of locations covered by the appellant's policy read as follows: "Pratts, Madison County, New York and vicinity and Kerhonkson, New York." Said locations specified in the policy are used in connection with the employer's creameries. The provision in the policy in reference to business covered is that it includes all employees in the service of the employer in connection "with the business operations above described."

*Held*, that the locations specified in the policy are those where creameries are located and do not include the city of New York where the accident in question occurred, and that the policy covered creamery operations only and such work as was necessarily incident thereto and did not include milk delivery within the city of New York, a business which was separate and distinct from that of the creameries, and, therefore, the policy in question did not cover the death of the employee in Brooklyn.

HINMAN, J., dissents, with opinion.

APPEAL by the defendants, John Doscher and another, from a decision of the State Industrial Board, made on the 28th day of June, 1922, affirming an award made on the 3d day of February, 1921.

*Frederick Mellor*, for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

HASBROUCK, J.:

The sole question in this case is whether the New Amsterdam Casualty Company carried the risk under the Workmen's Compensation Law covering the injury and death of George Neubeck, employee of John Doscher.

Neubeck was killed in Brooklyn, N. Y., on January 2, 1921, and the appellant insurance carrier has paid compensation to his widow and son up to the present time.

The decision contains a provision that the employer secured compensation to all his employees by the universal standard workmen's compensation policy issued by the New Amsterdam Casualty Company. That policy was issued June 30, 1920. On June 25, 1920, the Commercial Casualty Insurance Company of Newark, N. J., issued to the said John Doscher a policy in the same form as that of the New Amsterdam Casualty Company. If these policies contain any limitations they are to be found either in the locality of business operation or in the business itself. The New Amsterdam Casualty Company, which has been paying the compensation up to the present time, by the appeal herein, seeks relief against making further payments thereof. It claims now that the deceased employee was not covered by its policy; that he was covered by the policy of the Commercial Casualty Insurance Company. In event that this claim be not well founded it claims that under the provisions of the universal standard workmen's compensation policy it is but a concurrent insurer with the Commercial Casualty Company and that the burden ought to be divided between the two companies.

The argument is made by the State Industrial Board that the deceased was covered by the policy of the New Amsterdam Casualty Company and bases it upon three provisions of the policy.

*First,* on locality. In item 3 of the employer's declarations there was the following description of locations: " Pratts, Madison County, New York and vicinity and Kerhonkson, New York."

It we take out the words in the parenthesis created by the first two commas, we have " Pratts New York and vicinity and Kerhonkson, New York." There is no " and " between Madison county and vicinity and Kerhonkson, New York. " New York," referring to the State, is used after Kerhonkson. If a similar use should be made of it as used after Madison county, there would be no doubt that it meant State. New York city is not mentioned at all.

The locations specified in the policy are used in connection with " creameries " and there is no pretense or claim that there is a creamery in New York. We must conclude that the places covered by the appellant carrier are those where creameries are located, Pratts and Kerhonkson.

*Second,* on the business. It is claimed that the policy by its declaration in item 3 covers among other employees " chauffeurs and chauffeurs helpers wherever engaged." (See manual classification.) This classification is qualified in item 4 by the use of the following language: " The foregoing enumeration and description of employees include all persons employed in the service of

this employer in connection *with the business operations above described* [viz., creamery operations] to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the policy period of all such remuneration." And further, by the provision of the policy which reads:

" *Six,* This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident, or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

In item 5 the further declaration is made: " This employer is conducting no other business operations at this or any other location not herein disclosed — except as herein stated; No exceptions." The policy should be read strictly against the insurance carrier because the phraseology is its. What it undertakes to do is to cover business operations at Pratts and Kerhonkson and operations necessary, incident and appurtenant thereto or connected therewith so long as such connection and relation is with such " work places."

A consideration of the work places, the operations and the products leads to the conclusion that the operation of the creamery is over when creamery products are produced and are separated from creamery operations by being sent to other places for sale. The divorce of the product from the place of its creation or manufacture tends to make clear the limitation of the carrier's liabilities. This is fair to the employer for the rate at which he pays insurance must depend upon the character of the hazard under which an employee labors. (Workmen's Compensation Law, § 54, subd. 6.) For a chauffeur it might be one rate if he were driving a truck about the plant in the country and quite different if he were carting in connection with dealing in milk in a crowded city.

We are unwilling to take the position that specifying the locations of business operations under such policies has no significance. It is one of the means by which liability is restricted. (*Bahr* v. *National Fire Ins. Co.,* 80 Hun, 309.) The insurance carrier says we will insure your employees located at Pratts, N. Y., and Kerhonkson, N. Y., whether engaged immediately there in making or manufacturing cream or engaged in any way connected therewith or incident thereto. The injury must grow in such fashion out of the work carried on at " such work places." It could scarcely be claimed that a chauffeur driving a truck in the separate business of dealing in milk had any connection with or relation to such work places as

Pratts and Kerhonkson. Operating a creamery and dealing in milk are entirely different operations and the New Amsterdam Casualty Company only undertook to insure employees engaged in operating creameries.

The policy of the Commercial Casualty Insurance Company is of the standard type and insures an employer in the locality of New York city as a milk dealer and keeper of a retail store.

It is represented by the employer in both places that he is conducting no other business operations at this or any other location not disclosed. In the New Amsterdam Casualty Company policy the employer did not say he was conducting the business operation of a milk dealer in New York; in the Commercial Casualty Insurance policy he did not say he was conducting a creamery operation at Pratts or Kerhonkson. These operations were not in any manner connected in the employer's mind or he would have said so. Not having so declared he is estopped from saying that such operations were so connected.

The only business operations disclosed under the policy of the appellant being those of creameries and at the places mentioned it follows that unless the deceased was engaged incidentally or in connection with the business operation of a creamery he was not within the terms of the policy.

That this construction is correct is immediately made plain by a reference to the policy of the Commercial Casualty Insurance Company. There the declarations of the employer represent the location of the business operation of a milk dealer to be at " 502 W. 39th Street, New York City," and the declarant requires the coverage of " chauffeurs and chauffeurs helpers   *   *   *   wherever engaged."

That the intention of the employer to indemnify himself by one policy of insurance for his creamery operations and by another for his operations as a milk dealer seems an unavoidable inference. Says Judge Collin of the Court of Appeals: " Presumptively, their intent is expressed by the natural and ordinary meaning of their language referable to it and such meaning cannot be perverted or destroyed by the courts through construction." (*Gans* v. *Ætna Life Ins. Co.,* 214 N. Y. 326.)

If these policies bear the interpretation we have sought to place upon them there arises no necessity to determine in what proportions the carriers should furnish the indemnity. (*Hargraves* v. *Shevlin Mfg. Co.,* 179 App. Div. 477; *Schweizer* v. *Schreiner,* 9 State Dept. Rep. 337; 178 App. Div. 945.)

We think the New Amsterdam Casualty Company was under no legal duty of paying compensation for the death of claimant's

intestate and that the award appealed from should be reversed and the matter remitted to the Industrial Board.

H. T. KELLOGG, Acting P. J., KILEY and VAN KIRK, JJ., concur; HINMAN, J., dissents, with an opinion.

HINMAN, J. (dissenting):

I agree that the policy does not by reasonable inference, in view of the actual situation revealed, purport to cover this risk. We reach this conclusion largely, however, by proof of the existence of two fairly separate business undertakings, the creamery located outside of New York city and the distribution of milk in New York city, and by proof of the further fact that the insured had another policy which clearly covered the New York city business alone. In the absence of the latter policy and considering only the fact that the insured had paid on the former policy a premium based upon the inclusion of the New York city employees, we would fairly say that by the conduct of the parties the contract of insurance had been interpreted for us and that the insurance company which had so accepted its premium could not be heard to contend that it was not bound to fulfill its part of the implied agreement. It was not until the carrier discovered the existence of another policy specifically covering that risk that it sought to limit the scope of its coverage. That was long after it had made a premium audit covering the New York city employees and had been paid the deferred balance of the premium upon that payroll and after it had itself paid compensation to this claimant for over a year. I cannot escape the conclusion that the appellant is now estopped from raising the question of coverage. There is no reason why any such question of coverage should be permitted to be raised at this late day by the employer, who, having paid his premium on this policy upon the basis of a coverage of the New York end of his business, had refused to pay to the other company a supplemental premium based on the same payroll. By this latter act on his part he confirmed the former act and gave his assent to the broad interpretation of the policy of the appellant carrier, which the latter had adopted. The idea which the insured employer had was that he would be unnecessarily duplicating his insurance. Of course it would be an unnecessary duplication, but he was bound, under his contract whereby he took the special New York city insurance, to pay to the insurance company the balance of the premium, the payment of which, by the terms of his contract and the law, was deferred to the end of the year, when his payroll for the year was capable of audit. He had had the coverage and he was bound to pay and by the same reasoning the insurance

company which had supplied the policy was bound to meet its obligations to the injured employee, the policy having been in force, uncanceled, at the time of the accident, and the obligation having accrued prior to any breach of the contract by the employer which would have permitted cancellation.

We are not concerned with the question of the payment of the premium due to the Commercial Casualty Company, which had the New York city policy. It has its right of action to enforce that payment. We are only interested in the payment of this award and that involves as a necessary incident the determination of the question of who is to pay it. The employer, if not insured in the State fund, is liable for the payment of it unless it is paid by his insurance carrier or carriers. (Workmen's Compensation Law, § 53.) But the law also provides for the right of the Commissioner to enforce the liability of the insurance carrier in whole or in part for the payment of the award by requiring such a provision to be inserted in the insurance policy. (Workmen's Compensation Law, § 54, subd. 1.) The payment in whole or in part of such compensation by either the employer or the insurance carrier shall to the extent thereof be a bar to the recovery against the other of the amount so paid. (Id.) It is also provided in subdivision 2 of section 54 of the Workmen's Compensation Law that such policy shall contain a provision that jurisdiction of the employer shall be jurisdiction of the carrier and that the carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation. So it is plain that the law has conferred jurisdiction upon the Commissioner to bind the insurance carrier. If there are two carriers, as in this case, I see no reason why it is not the right and duty of the Commissioner to make both of them parties and to require them to pay the award as coinsurers. (*Matter of Skoczlois* v. *Vinocour*, 221 N. Y. 276, 282.)

I agree that the award should be reversed and the claim remitted but with instructions to make the awards against both carriers except in so far as the awards had been paid prior to discovery of the other policy. Since the latter time, the appellant carrier has paid compensation with the understanding that it is without prejudice to its rights upon this appeal. For the reasons herein expressed, I dissent from the conclusion reached by the majority of the court.

Award reversed and matter remitted to the State Industrial Board to proceed in accordance with the opinion herein, with costs against the State Industrial Board.