New Amsterdam Casualty Company, Plaintiff, *v.* Commercial Casualty Insurance Company, Defendant.

City Court of New York, April 19, 1927.

**Workmen's compensation — death award, made under mistake of fact, paid by plaintiff — defendant was actual carrier of risk — award against plaintiff was reversed on appeal and defendant was made liable therefor by subsequent award — defendant barred from questioning validity of last award — defendant in equity and good conscience obligated to repay plaintiff.**

Plaintiff, insurance carrier, having paid a death award pursuant to the Workmen's Compensation Law under a decision made by the State Industrial Board, seeks to recover the amount it has paid on the ground that payment was made under mistake of fact. It appears that after making the payment plaintiff learned that defendant rather than itself was the carrier against whom the award should have been made, and on appeal the award against plaintiff was reversed in the Appellate Division. Subsequently, the State Industrial Board made an award against the defendant, in which it directed that the amount of the award paid by the plaintiff should be deducted from the amount which defendant was to pay thereafter, and recommended that the defendant reimburse the plaintiff. This latter award was affirmed by the Appellate Division so that defendant is now barred from questioning its validity, and in equity and good conscience it is obligated to repay plaintiff.

Action to recover payment under mistake of fact made under an award by the State Industrial Commission or Board.

*Albert J. Hiers*, for the plaintiff.

*Daniel Mungall* [*Frederick Mellor* of counsel], for the defendant.

Finelite, J. This is an action to recover from defendant $1,327.14 paid by plaintiff to a widow and son under an award made by the State Industrial Commission. A jury was waived and the question was submitted to the court on conceded facts, as follows:

On June 30, 1920, the plaintiff issued its compensation policy to John H. Doscher, covering the location at Pratts, Madison county, N. Y., vicinity, and Kerhonkson, N. Y., and classified the risk as creamery.

On January 2, 1921, one George Newbeck, a chauffeur employed by John H. Doscher at his store, No. 502 West Thirty-ninth street, New York city, was killed in Brooklyn, N. Y., and said John H. Doscher, on January 4, 1921, notified the State Industrial Commission of said accident and the death of said George Newbeck, and in said notice designated the plaintiff as the insurance carrier.

Proceedings were had before the State Industrial Commission,

and on February 5, 1921, an award was made against the plaintiff herein to Mrs. Loretta Newbeck, widow, and George W. Newbeck, son, for the sum of $11.54 weekly from date of death of said George Newbeck, and for a further sum of $100 to August Struening, undertaker, for funeral expenses.

Commencing February 19, 1921, to and including March 2, 1923, the plaintiff did pay to the widow and son of George Newbeck, pursuant to said award, the sum of $1,327.14. On March 1, 1922, the plaintiff demanded a complete payroll from said John H. Doscher, and was then first informed that the defendant had issued a policy of workmen's compensation insurance upon the New York city plant of said John H. Doscher, and that a premium on a payroll on the New York city plant, which included George Newbeck, was refused by the insured, John H. Doscher.

The defendant's policy of insurance was issued to John H. Doscher on or about June 25, 1920, for a period of one year from that date, and the location of the risk was described as No. 502 West Thirty-ninth street, New York city, and classified on the risk as milk dealer.

Upon learning of the insurance issued by the defendant, the plaintiff, on notice to the defendant on or about March 3, 1922, moved for a rehearing before the State Industrial Board, and at said hearing, on June 29, 1922, the award against the plaintiff was reaffirmed by the State Industrial Board.

The plaintiff thereupon appealed to the Appellate Division, Third Department, from said award, and on March 7, 1923, the Appellate Division reversed the ruling and award of said State Industrial Board and remitted the matter to them. (*Neubeck* v. *Doscher*, 204 App. Div. 617.)

*From that date the plaintiff stopped paying under said award, and has never since paid any additional sum pursuant thereto.*

On November 27, 1923, said State Industrial Board, pursuant to said Appellate Division decision, reversed itself and awarded compensation from the date of the death of said George Newbeck to said Loretta Newbeck and son at the rate of $11.54 weekly, and the sum of $100 for funeral expenses, *and said award further provided that it appearing that the plaintiff by an award heretofore made had paid to these claimants the sum of $1,327.14, which award was reversed by the Appellate Division, the defendant, the carrier, hereby charged with the payment of said award, shall deduct that amount from the award hereby made and commence its payments where the plaintiff left off paying and continue on from there under this award.*

The said award further states that "while this board has no authority to direct and enforce the payment of $1,327.14 by the Commercial Casualty Company to the New Amsterdam Casualty Company, *we recommend that that be done as a matter of equity and justice.*" This award is set forth in full in paragraph " fifteenth " of the complaint and not denied by the answer, and was conceded at the trial.

Thereafter the defendant appealed from said last-mentioned award to the Appellate Division, Third Department, and in May, 1924, said award was unanimously affirmed by said Appellate Division without opinion. (*Neubeck* v. *Doscher*, 209 App. Div. 843.)

The defendant has paid and is now paying awards to the claimants under the last-mentioned award. This is the agreed statement of facts submitted on the trial.

This action is brought by the plaintiff to recover from the defendant $1,327.14, that being the amount of money paid by the plaintiff to the claimants, Mrs. Newbeck and her son, pursuant to the first award entered against the plaintiff by the State Industrial Commission. This sum the defendant would have had to pay under the award of November 27, 1923, had the plaintiff not paid this sum. The award of November 27, 1923, clearly shows that the entire award was made against the defendant and that the payment by the plaintiff was the payment of that portion of the award due from the defendant to the claimants, and because of such payment the defendant was not obliged to again pay said amount to the said claimants, and in equity and good conscience should reimburse the plaintiff in that amount.

The award against the plaintiff was entered against it upon the report of the employer, John H. Doscher, and had not the defendant Commercial Casualty Insurance Company also carried workmen's compensation insurance on behalf of said John H. Doscher said award would have stayed against the plaintiff.

The award made by the State Industrial Commission against the plaintiff was enforcible as a judgment when filed in the county clerk's office pursuant to section 26 of the Workmen's Compensation Law if not paid within ten days. In view of this section it cannot be successfully contended that because the plaintiff herein bowed to the jurisdiction of the State Industrial Commission and recognized said award without waiting until judgment had been entered on said award and execution issued to the sheriff and levied against the plaintiff.

In fact it was conceded by the attorney for the defendant that the defendant is now making payments under a similar award made by the State Industrial Board against it, continuing where

the plaintiff left off paying, and it is absurd for it to contend that payment by the plaintiff was voluntary, especially after it took an appeal to the Appellate Division from said award.    If the award of the Industrial Board was not enforcible against the defendant, why did the defendant appeal from said award?

Further, that in recognizing the award against it it is barred from now attacking the validity of said award, and by the decision on appeal is estopped from denying its liability.

Section 29 of the Workmen's Compensation Law provides that where dependents of an employee elect to take compensation the awarding of compensation shall operate as an assignment of the cause of action to the insurance carrier liable for the payment of such compensation.    Therefore, upon the plaintiff paying to the claimants the award *it automatically becomes subrogated to all claims which the claimants had against third persons to the amount of such payment.*

The reading of the award fully set forth in paragraph " fifteenth " of the complaint, and not denied, will disclose that the award against the defendant was for entire compensation from the date of the death of the employee, and that because the plaintiff had paid $1,327.14 to the claimants on account of the award the defendant was allowed to deduct this amount and directed to continue to pay where the plaintiff left off.

Had the plaintiff not paid anything to the claimants the defendants would have been compelled to pay under the subsequent award against it the additional amount of $1,327.14 which the plaintiff had paid, and thus the payment by the plaintiff relieved the defendant from payment to the claimant of this amount, but did not operate to exclude the plaintiff from recovering from the defendant by way of subrogation or otherwise the amount it had so paid.

In *Dunlop* v. *James* (174 N. Y. 411) a mortgagee of leasehold interest who paid rent to protect his own investment in the lease brought an action therefor against the tenant who was under obligation to pay.    Judge Haight, in the controlling opinion, says (at p. 415): " In the case of *Cole* v. *Malcolm* (66 N. Y. 363–366), Earl, J., after citing a number of cases, states the rule for the application of the doctrine of subrogation very pointedly, as follows: ' It is generally and most frequently applied in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is only secondarily liable for the debt; but it is also applicable in cases where a party is compelled to pay the debt of a third person to protect his own rights, or to save his own property.' "

Further (at p. 416): " It appears to us that the principles

enunciated in these authorities fully sustain the plaintiff's claim, that by making the payment under the circumstances alluded to, he became an equitable assignee of the church's claim against the defendant and entitled to be subrogated to its rights, and to maintain the same action that it could have maintained. This does not change, alter or enlarge the liability of the defendant in the premises."

It is thus shown that the plaintiff was not a volunteer. Upon learning of the insurance carried by the employer, John H. Doscher, with the defendant, on March 1, 1922, plaintiff immediately moved for a reargument before the State Industrial Board upon notice to the defendant, and from the decision of the Industrial Board, dated June 29, 1922, it duly appealed to the Appellate Division and the Appellate Division (*Neubeck* v. *Doscher,* 204 App. Div. 617) on March 7, 1923, reversed the award against the plaintiff, and from that date the plaintiff ceased paying the claimants.

From the subsequent award made against the defendant for entire compensation, including that compensation which was paid by the plaintiff, made by the State Industrial Board on November 27, 1923, in pursuance of decision of the Appellate Division aforesaid, defendant appealed to the Appellate Division, and in this appeal in May, 1924, the Appellate Division, Third Department, unanimously affirmed its award against the defendant, so that the matter as to the liability of the defendant is fixed and settled. (*Neubeck* v. *Doscher,* 209 App. Div. 843.)

In the case of *Hoadley* v. *Dumois* (11 Misc. 52) a theory upon which this plaintiff can recover is clearly expressed in the controlling opinion of Mr. Justice McAdam, all concurring, who says (at p. 54): " It is clear that the plaintiffs owed nothing to the defendants and were under no contractual obligation to them; yet, by force of process of law and the circumstances related, they were compelled to pay a debt of the defendants in order to obtain their cargo. Undoubtedly, where the plaintiff shows that he, either by compulsion of law or to relieve himself from liability, or to save himself from damage, has paid money which the defendant ought to have paid, the count for money paid to and for the defendant's use will be supported."

Again (at p. 55): " No contractual relation is necessary as a foundation for the action. It is because there is no expressed contract that the law raises an implied promise to pay the amount of the claim. Even in actions to recover money which a plaintiff has been obliged to pay to make good an injury caused by defendant's negligence the right of recovery is sustained, though there be no contractual relation between the parties."

The case of *Hoadley* v. *Dumois* was affirmed by the Court of Appeals (155 N. Y. 630), on the opinion below, thus making the above opinion the opinion of the Court of Appeals.

Reference is also made to the case of *Roberts* v. *Ely* (113 N. Y. 128), where it is stated (on p. 131) in the opinion of the court, all judges concurring: " Assuming that the plaintiff is right in his construction of the facts, the case falls within the familiar doctrine that money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity. * * * The case, therefore, presented a cause of action upon a liability implied by law * * *."

So also in the case of *Nichols* v. *Bucknam* (117 Mass. 488) the court said (at p. 491): " The plaintiff, in order to save his property from being sold on legal process, has been compelled to pay a debt which was really due from the defendant. Under such circumstances, the law implies a request on the defendant's part, and a promise to repay; and the plaintiff has the same right of action as if he had paid the money at the defendant's express request."

In *Dodge* v. *Zimmer* (110 N. Y. 43) the plaintiff, in order to clear the assets of the decedent's estate from a claim of one Beecher, which claim defendant had agreed to pay, sued defendant for the amount she was compelled to pay to relieve the estate of such lien or claim. The court said at the close of the controlling opinion, all concurring (at p. 50): " He was thus compelled to do what was the defendant's duty, and what she agreed to do, and is entitled to recover the amount so paid of Mrs. Zimmer."

In the case of *Vogemann* v. *Am. Dock & Trust Co.* (131 App. Div. 216) the court, in the opinion, which was concurred in by all the other judges, states (at p. 219): " The law is settled that, where a person without fault has been held legally liable for damages caused by the fault of another, or where he has been compelled to pay money which in justice another ought to pay, he may be permitted to recover the sums paid from the person whose fault caused the damage and who ought in justice to pay."

In the case of *Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola* (134 N. Y. 461, 467) the court, by Chief Judge FOLLETT, all concurring, said: " Sufficient cases have been cited to show that

one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not, and that the right to indemnity does not depend upon the fact that the defendant owed the plaintiff a special or particular legal duty not to be negligent. The right to indemnity stands upon the principle that everyone is responsible for the consequences of his own negligence, and if another person has been compelled (by the judgment of a court having jurisdiction) to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him."

In the case of *Van Santen* v. *Standard Oil Co.* (81 N. Y. 171) the defendant loaded a vessel with barrels of oil, and its vendee, S., received a receipt for 110 barrels more than were loaded by the defendant. S. assigned the receipt or bill of lading, and the assignee on arrival of the vessel compelled the master of the vessel to pay for the deficiency. Plaintiff, as assignee of the master, sued the defendant to recover the amount so paid. It was held that the demurrer to the complaint was properly overruled; that the payment was compulsory and the law implied a promise on the defendant's part to repay it. The court (at p. 174) said: " I am unable to see, therefore, why the defendant is not brought within the rule which requires one to make good any loss or damage, which, by his act or omission or legal default, has been occasioned to another. * * * The machinery by which the injury has been brought about, or the number of intermediate agencies, is immaterial. It was the duty of the defendant to place on board the vessel the full number of barrels for which it received pay; it represented to the master of the vessel that it had done so. * * * The neglect of duty by the defendant imposed upon the master the obligation to make good the deficiency caused by this neglect, not voluntarily but in performance of a legal duty, enjoined by the conditions of the bill of lading. Those conditions resulted from the act of the defendant and are equivalent to an express request by the defendant to make such payment. The plaintiff does not make title to his cause of action through Sohns, but by assignment from Schulte. The payment by Sohns is important only as showing a consideration for the undertaking of the defendant to ship the required number of barrels, but without this the right of action on the part of Schulte was, for reasons above stated, complete, and the plaintiff, as his assignee, is entitled to recovery."

At the time the first award was made neither the plaintiff nor the Industrial Commission had any knowledge of the existing policy of the defendant. The following are a few of the authorities which hold that had there been no other insurance than that issued by

the plaintiff, plaintiff would have been compelled to pay the loss under its policy.

In the case of *Hargraves* v. *Shevlin Mfg. Co.* (179 App. Div. 477; affd. by the Court of Appeals without opinion, 222 N. Y. 646) Judge Woodward stated in his opinion: " Whatever may be the relations of these insurance carriers, as between themselves, their controversy does not seem to be properly before this court upon an appeal from the award to the claimant — he is in no wise interested in the controversy, nor is the employer." And further: " There is no attempt to adjudicate the proportion of liability on the part of these rival insurance carriers; the award is primarily against the employer, the insurance carriers having contracted to assume the liability of the employer, and how this liability is shared by the companies is of no consequence to the employer or to the employee, nor has the State Industrial Commission any jurisdiction over such a question."

See, also, the case of *Connolly* v. *Tucker Electrical Construction Company* (184 App. Div. 921), where the employer had insured his New York employees with one carrier and his Connecticut employees with another. One of his employees hired in New York met with an accident in Connecticut. The New York Commission could not enforce compensation against the carrier for Connecticut, but could enforce against the carrier for New York. An award was made against the carrier for New York, with the suggestion that it might then be relieved by a court action against the carrier for Connecticut. The Appellate Division affirmed the award unanimously and without opinion.

See, also, the case of *O'Shaughnessy* v. *Empire Construction Company* (186 App. Div. 927). A contractor had a single contract covering two portions of New York subway construction separated some distance from each other, the work for one being above and the work for the other being beneath the ground, and two successive binders preliminary to issuance of a policy were issued. An employee upon one of the jobs met with an accident, and the insurance carrier claimed that the binders called for a policy limited to that portion of the subway other than the one at which the employee met with his accident. An award, however, was made, which was affirmed by the Appellate Division unanimously, without opinion.

Two similar cases were decided at the same time, *Fagnani* v. *Travelers Ins. Co.* (186 App. Div. 927) and *Finley* v. *Travelers Ins. Co.* (Id. 926).

The Appellate Division in the case of *Neubeck* v. *Doscher* (204 App. Div. 617), in relieving the New Amsterdam Casualty Company

from further payment at the time of the decision, had before it both the policy of the insurance of plaintiff and the policy of insurance of defendant, and in relieving the plaintiff New Amsterdam Casualty Company herein from liability placed the entire liability on the Commercial Casualty Insurance Company, defendant herein.

It will thus be seen that the Appellate Division did not refuse compensation to the claimants, but decided that the defendant, and not the plaintiff, was the one to pay such compensation.

It is thus clearly shown that the payment made by the plaintiff to the claimant was made under a mistake of fact that the employer carried no other insurance, and had the fact that the defendant Commercial Casualty Insurance Company carried this insurance been known to the plaintiff, or presented to the Industrial Commission, the award would not have been against the plaintiff.

The existence or non-existence of the policy of the defendant was a question of fact which was controlling, and the plaintiff did not pay under a mistake of law, as defendant in its brief attempts to argue.

The payments made by the plaintiff were commenced on February 19, 1921, pursuant to the first award, which was enforcible as a judgment. (See Workmen's Compensation Law, § 26.) It was not until about March 1, 1922, that this plaintiff learned of the insurance carried by the defendant, and it immediately moved on notice to this defendant before the Industrial Board to be relieved from liability. It was this time that the plaintiff first learned of such insurance, and had been proceeding under a mistake of fact that no other insurance was involved.

The original award was reaffirmed by the Industrial Board after hearing on June 29, 1922, and from this award plaintiff appealed to the Appellate Division. The plaintiff continued to pay under the award until the reversal of the award by the Appellate Division on March 7, 1923 (see *Neubeck* v. *Doscher*, 204 App. Div. 617), when it stopped paying, and the defendant paid to the claimants from then on, and is continuing to pay under the award made on November 27, 1923, against it.

It will, therefore, be seen that plaintiff made no payments to the claimant from the date of the reversal of the award, and no payments so made were voluntary, but were made pursuant to a valid award.

Defendant in its brief claims that it was deprived of certain rights of subrogation against third parties because the Statute of Limitations ran against said claim after a lapse of two years from the date of the death of George Newbeck on March 2, 1921.

In reply to this argument plaintiff states:

1. These alleged defenses were threshed out before the Industrial Board and before the Appellate Division, and the rulings in both of these proceedings were against the defendant. Further in the appeal from the award against the defendant the defendant argued these alleged defenses before the Appellate Division, and the Appellate Division unanimously affirmed the award against it. (See *Neubeck* v. *Doscher*, 209 App. Div. 843.)

2. There is no merit to these alleged defenses, because on March 1, 1922, fifteen months (not two years) after the death of Newbeck, the defendant was notified of the claim against it, but elected to deny liability and asserted that the New Amsterdam Casualty Company, plaintiff herein, was the carrier, so that it had ample time in which to follow up the subrogation feature.

In the case of *Mayer* v. *Mayor of New York* (63 N. Y. 455) and in the case of *Hathaway* v. *County of Delaware* (185 id. 368, 370) it is held that the burden of alleging and proving circumstances existing that make such recovery inequitable rests upon the party resisting the payment.

In the action at bar the defendant did not plead in its answer alleged special defenses, nor did it prove at the trial any facts to substantiate them, and.is, therefore, now barred to raise the question of this defense.

3. Now the defendant is attempting to claim that the plaintiff was not liable, and voluntarily made these payments because it was ultimately decided that owing to the fact that this defendant did carry insurance for the employer the defendant and not the plaintiff was liable.

It is very apparent that this defendant is blowing hot and cold and is endeavoring by technicalities to avoid its just obligation to the plaintiff as very adequately expressed in the award against it, namely: " * * * That it appearing that the New Amsterdam Casualty Company by an award heretofore made paid to these claimants the sum of one thousand three hundred twenty-seven 14-100 ($1,327.14), which award was reversed by the Appellate Division of the Supreme Court on the grounds that the New Amsterdam Casualty Company was not the carrier at the time of the accident and death, the Commercial Casualty Company carrier, hereby charged with the payment of this award, shall deduct that amount from the award hereby made and commence payments where the New Amsterdam Casualty Company left off paying, and continue on from there under this award. While this board has no authority to direct and enforce the payment of one thousand three hundred and twenty-seven 14-100 ($1,327.14) dollars by the Commercial Casualty Insurance Company to the New Amsterdam Casualty

Company, we recommend that that be done as a matter of equity and justice."

Defendant in its brief clearly infers that if plaintiff paid under a mistake of fact the defendant would be liable.

We believe it has been demonstrated that the plaintiff did pay under a mistake of facts. Further, under the authority of *Hoadley* v. *Dumois* (11 Misc. 52; affd., in the Court of Appeals, 155 N. Y. 630), set forth on page 7 of plaintiff's original brief, and the authority of *Nichols* v. *Bucknam* (117 Mass. 488), where the court said (at p. 491): " That the plaintiff, in order to save his property from being sold on legal process, has been compelled to pay a debt which was really due from the defendant. Under such circumstances, the law implies a request on the defendant's part, and a promise to repay; and the plaintiff has the same right of action as if he had paid the money at the defendant's express request."

In the case of *Dodge* v. *Zimmer* (110 N. Y. 43) the court stated: " He was thus compelled to do what was the defendant's duty, and what she agreed to do, and is entitled to recover the amount so paid of Mrs. Zimmer."

The complaint alleges facts and not theory, and the facts stated state a cause of action, and plaintiff is entitled to recover. Defendant in its brief, on page 1, states that it is not concerned with the equitable theory or principle of quasi contracts and unjust enrichment.

It is plaintiff's contention that this principle is applicable in this case.

Under the award of November 27, 1923, the defendant is directed to pay from the date of the death of Newbeck, but the award itself provides that inasmuch as the plaintiff has paid to the claimant the sum of $1,327.14, defendant may deduct this amount from said award and continue to pay where the plaintiff left off paying, and follows with the statement that they recommend that the defendant repay to the plaintiff this amount as a matter of equity and justice.

This clearly shows that the defendant, because of the payment by the plaintiff, has been unjustly enriched to this amount, and should in equity and justice pay same to this plaintiff.

It will be recalled that this award was unanimously affirmed by the Appellate Division. The assertion made by the defendant in its brief that a plaintiff should look to the claimant for the amount paid by it is ridiculous.

The award against the plaintiff also being reversed places the responsibility on the defendant, and even if it were possible for the plaintiff to recover from the claimant, the claimant might then enforce the award against the defendant.

In this action the plaintiff, in proceeding against the defendant, avoids circuity and is bringing this action against the defendant, who is primarily liable under the award of November 27, 1923.

The defendant's contention that the payment by the plaintiff was under a mistake of law is untenable. It has been demonstrated that had there been no other insurance plaintiff would have been obliged to pay, and that when plaintiff made these payments it had no knowledge of defendant's insurance policy, and immediately upon learning of such insurance it proceeded to relieve itself from liability.

This was purely a mistake of fact originally instituted by the employer, John H. Doscher, claiming that the New Amsterdam Casualty Company carried the risk, and not mentioning any other insurance carrier.

It was the fact that the defendant did issue a policy to Doscher which controlled this entire controversy.

Defendant (at p. 6 of his brief) cites the case of *Southwick* v. *First National Bank* (84 N. Y. 433–436).

That was an action on a bill of exchange and does not apply in this case. At page 434 Judge EARL, in the opinion in that case, says: " It must be a mistake as to some existing fact, not as to something to happen or to be done in the future. It must be a mistake as to some fact not remotely, but directly, bearing upon the act against which relief is sought."

In the case at bar it was the insurance policy issued by the defendant which was directly liable and existing at the time of the accident, which was unknown to plaintiff, and the lack of knowledge by plaintiff was the mistake of fact under which money was paid.

Certainly this is not a remote fact, but an existing fact, and not something to happen or to be done in the future, but something to be done at once.

In the *Southwick* case the opinion (at p. 434) states: " There was no mistake as to the intrinsic facts."

There certainly was a mistake of the intrinsic facts in the case at bar, this fact being the existence of the policy issued by the defendant which was unknown to the plaintiff at the time of the award, and at the time of the payments made by the plaintiff to claimants.

The defendant cites the case of *Hathaway* v. *County of Delaware* (185 N. Y. 368).

That case, as a matter of fact, is an authority for the plaintiff's contention and not that of the defendant as will clearly appear by the first paragraph of the opinion by Chief Judge CULLEN

(at p. 369): " As to the first cause of action we content ourselves with stating our concurrence in the view of the Appellate Division and of the Trial Term, that the plaintiffs failed to establish that the money which they sought to recover was appropriated to the discharge of valid obligations of the defendant, and that, therefore, as to this cause of action the judgment below should be affirmed."

In the case at bar the plaintiff has clearly demonstrated that the payment by it to the claimant was appropriated to the discharge of the award made against the defendant, and that because of such payment by the plaintiff the defendant was allowed to deduct that amount from the award.

Defendant, in partly quoting that decision on the last page of his brief, fails to quote the following, which immediately follows that portion of the opinion (on p. 370) quoted by him, which is very pertinent to the case at bar, *i. e.,* " And if circumstances exist which make such recovery inequitable, the burden of proving that fact rests upon the party resisting the payment. (*Mayer* v. *Mayor, etc., of N. Y.,* 63 N. Y. 455; *Phetteplace* v. *Bucklin,* 18 R. I. 297.)"

Further in this *Hathaway* case (on p. 371) Chief Judge CULLEN further says: " Generally in actions of this kind the mistake under which money is paid is a mutual one as to the existence or non-existence of a fact which justifies or requires the payment. It is not essential, however, that the mistake should be of that character."

The plaintiff in this action is only seeking to compel the defendant to do that which in equity and good conscience it should do, *i. e.,* to repay to the plaintiff that sum of money which it was obliged to pay to the claimants, and which, if it had not paid, the defendant would be obliged to pay to the claimant under the award against it of November 27, 1923.

Motion to dismiss complaint denied. Plaintiff's motion for judgment on the conceded facts is granted, and judgment for plaintiff awarded in the sum of $1,327.14, with interest thereon.

Settle order on notice.