This suit was instituted under the Workmen's Compensation Act (No. 20 of 1914, as amended). There is no dispute over plaintiff's right to recover, all the defendants agreed as to plaintiff's injuries, his wages and his right to recover. Plaintiff made defendants his employer, J.O. Willett, a subcontractor of N.A. Saigh, N.A. Saigh, Allied Underwriters and United States Fidelity Guaranty Company, the compensation insurers. *Page 299 
The only question for determination is whether J.O. Willett was insured under the Compensation Law of Louisiana and, if so, whether Allied Underwriters or U.S.F. G. Company, or both, were his insurers. The facts pertinent to a decision of the question are:
N.A. Saigh contracted with the Memphis Natural Gas Company to construct a pipe line for it from a point in Morehouse Parish, Louisiana, across the State of Arkansas, to a place in Mississippi. A portion of said construction work was sublet by Saigh to J.O. Willett. The plaintiff when injured was employed by Willett and performing work in Morehouse Parish, Louisiana. It is admitted that J.O. Willett was primarily liable to plaintiff under Act No. 20 of 1914, as amended, and that N.A. Saigh is secondarily liable to him, and that the United States Fidelity 
Guaranty Company carried compensation insurance covering all activities of N.A. Saigh.
The record shows conclusively that Allied Underwriters issued a policy of compensation insurance to Willett covering his activities in the State of Louisiana for the period from December 5, 1940, to December 5, 1941, and that this policy was never cancelled. It also shows conclusively that the U.S.F. G. Company did not issue a compensation insurance policy covering Willett's activities in Louisiana. Plaintiff was injured on August 6, 1941. On July 7, 1941, by request, Allied Underwriters furnished to N.A. Saigh a certificate of insurance covering the policy it issued to J.O. Willett on December 5, 1940. The certificate contains the following provision:
"This is to certify that policies, certificates or endorsements of insurance as described below have been issued by the undersigned to the assured for whom this certificate is executed and are in force at this time. If cancelled at the request of either this company or the assured, or changed in any manner or for any reason during the periods of coverage, as stated herein, so as to affect this certificate, ten days prior written notice will be given by this company to the, — N.A. Saigh Company."
This certificate was received by Saigh on July 8, 1941. On July 7, 1941, the day before he received the certificate, Saigh addressed a letter to the U.S.F. G. Company in which he stated he was not satisfied with Willett's insurance coverage and that one of the conditions of his contract with Willett was that he carry compensation insurance with the U.S.F. G. Company, a copy of this letter being mailed to Willett. Upon receipt of that letter, agents of the two insurance companies and the bookkeeper for Willett discussed making the change and apparently in the discussion there was no objection by anyone, but the change in insurance was never made, no application was ever made by Willett to the U.S.F. G. Company and there was no further demand by Saigh that the change be made. Allied Underwriters did not take any steps to cancel the policy issued December 5, 1940, and it did not give any notice of cancellation to Saigh, as provided for in their certificate issued to him. On September 18, 1942, a letter from Allied Underwriters was addressed to W.M. Bellott, its agent at El Dorado, Arkansas, to which letter was attached a copy of the policy issued to J.O. Willett on December 5, 1940, and the last paragraph of said letter is as follows:
"This is the policy that was in effect in Louisiana when the above captioned accident occurred."
The caption referred to the accident of plaintiff in this suit.
Willett completed his contract with Saigh in Louisiana in about seventeen or eighteen days and it is clear to our minds, from the testimony in the record, that Willett had no intention of cancelling the insurance coverage with Allied Underwriters; that he did intend to secure additional insurance with the U.S.F. G. Company covering the Louisiana part of the Saigh contract, however, his intentions were not put into action. He made no application in writing giving an estimate of his pay roll, etc., all of which was a prerequisite to securing additional insurance. The record discloses that the agent of the U.S.F. G. Company did not have authority to bind the Company, the only authority he had being to accept the application and send it in to be acted upon by the proper authorities. We are convinced, as was the lower Court, that the compensation insurance in effect covering the accident of plaintiff was carried by Allied Underwriters and not by the U.S.F. G. Company.
The lower Court rendered judgment for plaintiff against J.O. Willett, Allied Underwriters, N.A. Saigh and United States Fidelity Guaranty Company, in *Page 300 
solido. It further decreed that N.A. Saigh and U.S.F. G. Company are secondarily liable and J.O. Willett and Allied Underwriters are primarily liable and, accordingly, that N.A. Saigh and U.S.F. G. Company have and recover judgment against J.O. Willett and Allied Underwriters, in solido, for any amount either of them may be required to pay because of this judgment. Willett complains of the judgment of the lower Court only in that it awarded judgment to U.S.F. G. Company against him for the amount it is required to pay to plaintiff, if any. He contends there is no contractual relation between Willett, the subcontractor, and the insurer of the principal contractor. The insurer of the principal contractor is, under the law of this State, the insurer of the subcontractor, not for his benefit but for the benefit of the subcontractor's employees and when it is required to pay compensation to the subcontractor's employees under its policy of insurance covering the principal contractor, it automatically steps into the shoes of the principal contractor whom Act No. 20 of 1914, as amended, gives a right of action against said subcontractor. The insurer of the principal contractor is only secondarily liable and is entitled to a judgment against those who are primarily liable for any amount it is required to pay because of the failure of the primary obligor.
The judgment of the lower court is correct and it is affirmed, with costs.