[Civ. No. 14033.   First Dist., Div. One.   Aug. 19, 1949.]

FIREMAN'S FUND INDEMNITY COMPANY (a Corporation), Respondent, v. STATE COMPENSATION INSURANCE FUND (a State Agency), Appellant.

Donald Gallagher and Royle A. Carter for Appellant.

Leonard, Hanna & Brophy, Edmund D. Leonard and John A. MacDonald for Respondent.

WARD, J.—This is a proceeding by plaintiff Fireman's Fund Indemnity Company, a corporation, instituted under the doctrine of equitable subrogation, although defendant State Compensation Insurance Fund, a California state agency, assumes and argues that plaintiff is asking for contribution and that the rights and liabilities of the parties are governed by Civil Code, sections 1427 to 1432, defining and interpreting joint and several obligations. The court directed that judgment be entered in favor of plaintiff.

Prior to filing the amended complaint, the California Industrial Accident Commission, upon proceedings instituted by Ruth C. Smith, widow and sole dependent of Joseph Jay Smith, made an award in favor of the widow against plaintiff and the defendant, jointly and severally, as insurance carriers of Moore Dry Dock Company and Joe Gerrick & Company, respectively. (See Cal. Lab. Code, div. IV.)

The facts, as to which there is no dispute, are that on March 7, 1943, Joseph Jay Smith, while employed at Oakland "by Joe Gerrick & Company as general employer and by Moore Dry Dock Company as special employer," was killed, as the evidence shows, in the course of said general and special employment. Smith was a member of the crew of a truck crane hired by Moore from Gerrick at an hourly rate, which rate included the rental of equipment, cost of operation, wages of the crew, the social security and unemployment benefit charges payable to government agencies, and the full workmen's compensation insurance premium charge upon the wages of the crew. The widow recovered benefits of $6,150 against the carriers, jointly and severally. Neither party sought a review of the award. Each carrier paid one-half of the award, in installments, as ordered by the Industrial Accident Commission. Prior to the date of filing this proceeding the entire award had not been paid, but before the entry of judgment in the present case the award had been fully paid, plaintiff's part of which was $3,075.

Defendant in its argument submits that parties to a joint and several obligation may be liable only from a contract or by operation of law (Civ. Code, § 1428), that the only right of action by plaintiff must be based upon an obligation arising through operation of law from the award of the Industrial Accident Commission, and that plaintiff is entitled to recover only such amount as plaintiff may have paid in excess of the amount contributed by defendant. In addition to its claim of equality of liability it is defendant's position that the action and award of the Industrial Accident Commission constituted an adjudication which may not subsequently be disturbed.

Defendant cites *Ocean Accident & Guarantee Corp., Ltd.,* v. *United States Fidelity & Guaranty Co.,* 63 Ariz. 352 [162 P.2d 609], as to equality of liability and as authority in res judicata. The facts of the cases, but not the bases of appeal, are similar. If the holding therein that the question is res judicata is applicable to the facts of this case, the present proceeding is at an end. The award of the state commission was approved in that case by the Arizona Supreme Court on appeal. Therein it was determined that the respective principals, the insurance carriers, as employers were primarily liable for the payment of the award. (*United States Fidelity & Guar. Co.* v. *Industrial Com'n,* 42 Ariz. 422 [26 P.2d 1012].) On the appeal (repeated in 162 P.2d 609) the Arizona Supreme Court took the position that the correctness of the award or the propriety of the previous affirmance could not be attacked in that proceeding or on an appeal resulting therefrom. On the first appeal in 26 Pacific 2d, the court commented upon the fact, at page 1017, that since the Ocean Accident and Guarantee Company, Limited, did not present before the Supreme Court the question whether the award was a legal and proper one it was necessary that the award of the Industrial Commission be affirmed. In the second case on appeal (162 P.2d 609) the exact language used in the first decision is the basis of the determination that the question was res judicata. Other reasons appear in the opinion for the decision reached by the court, but those reasons are not presently pertinent.

In this proceeding it is admitted that there was no appeal from the commission's award and no prior decisions of an appellate court that the award is res judicata, and therefore in the present proceeding any claim of res judicata by defendant must be based on the commission's award. The primary purpose of compensation in industrial accident mat-

ters is the protection of the employee. In some instances it is necessary to hold an employer's insurance carrier liable where although no premium has been received the carrier has expressly or impliedly contracted to insure the employer against loss covering the liability in dispute. The determination as to an employee's employer and the designation of the employer's carrier ordinarily are questions of fact. The appellate courts seldom have occasion to interfere with such determination. The commission is often required to hold all employers jointly liable in order to protect the employee's rights, but the question of the relative liability between employers should be adjudicated in a superior court action. It must be held that in this case the award of the commission was not res judicata of the rights to maintain this proceeding for equitable subrogation. (*American M. Ins. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 585 [67 P.2d 103] ; *Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 589 [67 P.2d 105] ; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 20 Cal.2d 264 [125 P.2d 42].)

The complaint alleges, the evidence proves, and the court found that Smith, the deceased employee, "was not on March 7, 1943, or at any other time mentioned in plaintiff's second amended complaint carried on the payroll records of Moore Dry Dock Company as one of its employees; that Moore Dry Dock Company paid no wages to said Joseph Jay Smith and never reported the wages of said Joseph Jay Smith to plaintiff, nor did plaintiff at any time compute, charge or collect any premium from said Moore Dry Dock Company upon the wages of said Joseph Jay Smith; that plaintiff received no premium whatsoever to compensate it for accepting the hazard of liability for injury to or death of said Joseph Jay Smith under the provisions of Division IV of the Labor Code of the State of California."

If plaintiff's proper remedy is equitable subrogation, then the trial court's action in overruling certain objections to the admission of evidence tending to sustain plaintiff's position was correct in each instance. Likewise the claimed erroneous rulings on the question of immateriality and irrelevancy, together with defendant's motion to strike certain paragraphs of the second amended complaint and the motion for nonsuit, as a matter of course were properly denied. It may be that the finding that all "denials and allegations set forth in defendant's answer" are untrue is technically incorrect, but the trial court qualified such finding by adding the phrase

"inconsistent with the findings of fact herein." The findings show that the trial court's determination was one for equitable subrogation and not for contribution.

The distinction between contribution and equitable subrogation as being separate and distinct remedies is set forth in 13 American Jurisprudence 5-6 and 18 Corpus Juris Secundum 2-3, wherein the broader right of subrogation is emphasized.

For the purpose of maintaining the action, the beneficiary of the deceased employee is the creditor of each obligor insurance carrier as determined by the Industrial Accident Commission. To the extent that one carrier may have been required to pay more than it legally should have been required to pay, the rights of the beneficiary, to the extent of such amount, are subrogated to that carrier.

*Tucker* v. *Nicholson,* 12 Cal.2d 427 [84 P.2d 1045], a case of contribution, illustrates defendant's view that the question in this case is whether obligors under a joint award are proportionately liable, and must be accepted as good authority for only that point. In the Tucker case there were nine joint obligors. In *United States Fidelity & Guaranty Co.* v. *Naylor,* 237 F. 314 [151 C.C.A. 20], it was held that as between two sureties on separate indemnity bonds for the same person there was an equal liability although one was for compensation and the other for accommodation. In the Naylor case the court disregarded the reason for the contract of indemnity. In the above and other cases cited by defendant, the sureties had contracted to protect the obligor in some form with respect to the obligation that arose. In the present case the carriers act not only for different insureds but plaintiff was made a cosurety without present or prospective compensation. *Ocean Accident & Guarantee Corp., Ltd.,* v. *United States Fidelity & Guaranty Co., supra,* previously has been mentioned on the question of res judicata. It is also cited on the question of equality of liability and some language therein may appear to be helpful to defendant, but the rule invoked by the trial judge to dispose of the law on the facts of this case is eminently fair. ■ Subrogation is an arm of equity that may guide or even force one to pay a debt for which an obligation was incurred but which was in whole or in part paid by another. ■ In *Offer* v. *Superior Court,* 194 Cal. 114, at page 118 [228 P. 11], it was said that the right of subrogation applies not only to cases of suretyship but to all cases in which "one party pays a debt for which

another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter'' (quoting from Sheldon on Subrogation, p. 2), and held that an insurance carrier is subrogated to the insured's right of action and is enforceable at law. ''The doctrine of subrogation . . . has been held available to those who, not acting voluntarily, . . . pay in the performance of a legal duty imposed by contract or rules of law, to those who pay for the purpose of protecting their own rights or interests, and to those whose payment is favored by public policy.'' (*Fresno Investment Co.* v. *Brandon,* 79 Cal.App. 387, 389 [249 P. 548].) In *Hartford Accident & Indemnity Co.* v. *Worden-Allen Co.,* 238 Wis. 124 [297 N.W. 436], the court stated, at page 440: ''Where, however, by reason of the agreement between the sureties or by reason of the general equities of the situation one surety or insurer ought, as against other sureties or insurers, to bear the whole loss, he becomes the principal surety, and all the other insurers or sureties become sub-insurers or sub-sureties. That is the situation here.'' (Also see *New Amsterdam C. Co.* v. *Commercial C. Ins. Co.,* 129 Misc. 466 [222 N.Y.S. 701]; *Taylor* v. *Willett* (La.App.), 14 So.2d 298.)

This may be the first case on appeal in this state in which subrogation, independent of contract, has been sought between carriers jointly held, arising out of and forming the basis of an accident over which the Industrial Accident Commission holds original jurisdiction. The ruling in this case, based upon an accident in 1943, is in accord with subsequently enacted legislation. Insurance Code, section 11663, now provides: ''As between insurers of general and special employers, one which insures the liability of the general employer is liable for the entire cost of compensation payable on account of injury occurring in the course of and arising out of general and special employments unless the special employer had the employee on his pay roll at the time of injury, in which case the insurer of the special employer is solely liable. For the purposes of this section, a self-insured or lawfully uninsured employer is deemed and treated as an insurer of his workmen's compensation liability.'' (See Stats. 1947, ch. 1466, § 1.)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.