[Civ. No. 5610.   First Appellate District, Division Two.—September 24, 1926.]

FRESNO INVESTMENT COMPANY (a Corporation), Respondent, v. H. H. BRANDON, Defendant; MACK-INTERNATIONAL MOTOR TRUCK CORPORATION (a Corporation), Appellant.

[1] SUBROGATION—TAXES LEVIED ON DEFENDANT'S PROPERTY—ASSESSMENT AND LIEN ON PLAINTIFF'S PROPERTY—PAYMENT BY PLAINTIFF —RECOVERY.—Under the equitable doctrine of subrogation, a plaintiff is entitled to recover a sum paid to the tax collector to discharge a lien for taxes levied on defendant's personal property, but which had been assessed to plaintiff and had become a lien upon plaintiff's real property.

---

1. Right of subrogation of one who pays tax for another, notes, 99 Am. St. Rep. 498; 17 Ann. Cas. 1134. See, also, 25 R. C. L. 1365.

[2] ID.—TO WHOM DOCTRINE OF SUBROGATION IS AVAILABLE.—The doctrine of subrogation, extended far beyond the limitations of the early civil law, has been held available to those who, not acting voluntarily, pay the debt of another which in equity and good conscience should have been discharged by him, to those who pay in the performance of a legal duty imposed by contract or rules of law, to those who pay for the purpose of protecting their own rights or interests, and to those whose payment is favored by public policy.

(1) 37 Cyc., p. 443, n. 26, p. 1154, n. 7.   (2) 37 Cyc., p. 370, n. 23, p. 373, n. 42.

APPEAL from a judgment of the Superior Court of Fresno County. Stanley Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

Egan & Morris and Herbert McDowell for Appellant.

Frank L. Simons for Respondent.

NOURSE, J.—Plaintiff sued to recover the sum of $316.84, which it had paid to the tax collector of Fresno County to discharge a lien for taxes levied on defendant's personal property, but which had been assessed to plaintiff and had become a lien upon plaintiff's real property. Judgment went for plaintiff as prayed and the defendant Mack-International Motor Truck Corporation appealed on a typewritten record.

The complaint is in the usual form and contains all the material allegations; the answer denies on lack of information and belief, matters of public record covering the tax proceedings pleaded in the complaint, and sets up as a special defense that the plaintiff was a mere volunteer, an "interloper." The trial court found adversely to the defendant on this special defense and also found that the allegations of the complaint were true. The facts are clear and uncontroverted and these findings are not subject to attack.

[1] The only question requiring consideration on this appeal is whether the respondent is entitled to recover the

2. See 23 Cal. Jur. 918.

taxes paid under the equitable doctrine of subrogation. Before referring to the rule it would be well to note the provisions of our code under which the claim arises. Section 3717 of the Political Code reads: "Every tax due upon personal property is a lien upon the real property of the owner thereof." Section 3716 provides that "Every tax has the effect of a judgment against the person; . . . the judgment is not satisfied nor the lien removed until the taxes are paid." Section 3628 provides that no mistake in the name of the owner of real property shall render the assessment thereof invalid.

[2] The doctrine of subrogation, extended far beyond the limitations of the early civil law, has been held available to those who, not acting voluntarily, pay the debt of another which in equity and good conscience should have been discharged by him, to those who pay in the performance of a legal duty imposed by contract or rules of law, to those who pay for the purpose of protecting their own rights or interests, and to those whose payment is favored by public policy.

The application of this rule to the payment of taxes which have become a lien upon the payer's realty is aptly stated in 25 Ruling Case Law, page 1366, as follows: "It is generally considered that there is nothing in the nature of a lien for taxes or assessments or in the fact that such a lien exists in favor of a sovereign taxing power to prevent the application of the equitable doctrine of subrogation, in a case where subrogation would otherwise be proper, and the rule supported by the great weight of authority is, that one who, for the protection of his own property, is compelled to pay taxes or assessments to which he is a stranger, and for the payment of which another is legally or equitably bound, becomes entitled by way of subrogation to the benefit of the lien held by the state for the payment of the taxes or assessments."

Our attention has not been directed to any authority in this state which questions the rule stated in the text. The argument advanced by appellant is that the doctrine is applicable only in the case of an assignment from the creditor to the one seeking subrogation, and that no assignment of the tax lien by the state had been pleaded or shown. Some support for the argument can be found in the old

civil law where the doctrine of subrogation arose, but the rule has long since been rejected by the authorities as the equitable application of the doctrine has been invoked.

Judgment affirmed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.*, concurred.