[Civ. No. 3120.   Third Appellate District.—March 30, 1927.]

R. D. WEAVER, Respondent, v. GEORGE E. FICKETT et al., Appellants.

[1] MONEY PAID — BUILDING CONTRACT — PAYMENTS BY OWNER FOR MATERIAL AND LABOR CLAIMS—RECOVERY OF.—Where contractors agreed to build and supervise the construction of a building for an owner, the cost of which was not to exceed a stated amount, and further agreed to receive a certain commission provided the total cost of the building did not exceed the agreed amount, and the owner agreed to pay for the labor and material to be used in the construction of said building, and said owner, after delivering a specified amount to the contractors to be used in the construction of the building, did pay out moneys in excess of the agreed total cost of the building in discharging claims for labor and material contracted for and used by the contractors in the construction of said building when there remained in the hands of the latter moneys which had been advanced to them by the owner, it was the legal duty of the contractors to pay such claims for labor and material to the extent of the money remaining in their hands which had been advanced by the owner, and the delivery by said contractors to the owner of unpaid bills for such labor and material implied a request that the owner pay them; and such payments by the owner were not merely voluntary payments, as he was under legal obligation, as between himself and the claimants, to pay the amounts due them.

[2] ID.—LEGAL OBLIGATION TO PAY—VOLUNTARY PAYMENTS.—An action ·may be maintained by a person who is legally compelled to

---

2.  See 17 Cal. Jur. 590; 20 Cal. Jur. 965; 2 R. C. L. 776.

pay money which another is under a legal obligation to pay, or who, to relieve himself from liability or to save himself from damage, pays money, not officiously, which another person ought to have paid; for in such cases the law implies a request on the part of such other person, and a promise to repay.

[3] ID. — PAYMENT — EXISTENCE OF LEGAL LIABILITY. — One who is compelled, by reason of a legal liability therefor, to pay an obligation which another in equity and good conscience should pay, may recover from that other the money so paid; it is not necessary that the payment should have been coerced by actual legal proceedings; the mere existence of the legal liability is sufficient.

[4] ID.—BILL OF PARTICULARS—ALLEGED VARIANCE.—In an action by such owner to recover from the contractors moneys advanced by the former for the use and benefit of the latter which they agreed to repay to the owner, if it be conceded that the bill of particulars should have set forth the respective amounts advanced to and paid out by the contractors and the balance remaining in their hands, rather than the amounts paid by the owner in satisfaction of unpaid claims, it does not appear that the contractors were in any manner prejudiced by the course pursued; and it cannot be held that there was a material variance between the allegations of the complaint and the bill of particulars and the evidence, where the owner was legally compelled to pay the claims in question which the contractors should have paid to the extent of the owner's money which remained in their hands; and the fact that the bill of particulars set forth a greater sum than plaintiff was entitled to recover is immaterial.

[5] ID.—INDEBTEDNESS—PLEADING—EVIDENCE.—In such action, testimony by the contractors as to moneys owing them by the owner on another job was properly excluded, where the contractors did not plead such indebtedness by counterclaim or cross-complaint or otherwise.

[6] ID.—CONSTRUCTION OF ANOTHER BUILDING—EXPENDITURES BY CONTRACTORS—EVIDENCE.—In such action the ruling of the trial court in excluding evidence of expenditures made by the contractors on another building being constructed for the owner was not erroneous where attention is not called to any evidence showing the terms of the contract under which said other building was being constructed, and in the absence of said showing it cannot be determined whether or not evidence of the amount expended in such construction was material.

[7] ID.—LABOR AND MATERIALS—PAYMENT OF MORE THAN REASONABLE VALUE BY CONTRACTORS—FINDINGS—EVIDENCE.—In such action, the contractors were not prejudiced by evidence and findings to the

4.  See 21 Cal. Jur. 69, 264; 21 R. C. L. 481.

effect that for certain labor and materials they paid more than the reasonable value thereof, where it does not appear that any deductions were made on account thereof from the total amount paid out by the contractors.

[8] ID. — PARTNERSHIP — PLEADING — FINDING. — In such action, where the complaint alleges that the defendants are copartners and the answer does not deny the allegation, no finding thereon is necessary.

[9] ID. — CONTRACTS — PROMISE TO REPAY — IMPLICATION OF LAW. — In such action, the contract between the parties having shown that the owner was under legal obligation to laborers and materialmen to pay the sums due them, and having done so, the law implies a request on the part of the defendant contractors and a promise to repay the owner to the extent of the latter's money remaining in their hands.

---

(1) 9 C. J., p. 817, n. 78; 41 C. J., p. 12, n. 20, p. 13, n. 37. (2) 41 C. J., p. 13, n. 38, p. 15, n. 80. (4) 31 Cyc., p. 583, n. 12. (5) 41 C. J., p. 23, n. 77. (6) 38 Cyc., p. 1350, n. 3. (7) 4 C. J., p. 1056, n. 79. (8) 38 Cyc., p. 1973, n. 17.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis & Thorne for Appellants.

G. C. De Garmo and H. B. Cornell for Respondent.

FINCH, P. J.—The complaint alleges that the "plaintiff advanced to and for the use and benefit of said defendants . . . $4,779.35, which said amount defendants agreed to repay to said plaintiff, . . . but said defendants failed and refused to repay the said sum or any part thereof." The prayer is for judgment in the amount alleged. The answer consists of denials of the allegations of the complaint. Judgment was entered in favor of the plaintiff for $1,743.91 and costs of suit, and the defendants have appealed.

The defendants demanded a bill of particulars and, in response thereto, plaintiff served on them and filed a list of payments made by the plaintiff to various persons and firms, aggregating $4,779.35, at the end of which appears the following: "The above and foregoing amounts are moneys ad-

vanced by plaintiff to and for the use and benefit of the defendants Fickett & McFadden for labor and materials furnished and used on building contracted to be erected and constructed by Fickett & McFadden for plaintiff . . . , some of which above named amounts were secured by mechanics' liens filed by creditors in actions to foreclose same.''

The court, on stipulation of the parties, appointed a referee ''to take and state an account of all dealings and transactions between plaintiff and the defendants, with relation to the matters involved in said cause.'' The parties appeared before the referee and produced evidence. The referee, among other things, found that the plaintiff delivered to the defendants the sum of $10,000 to be used in the construction of the building mentioned in the bill of particulars, and referred to in the briefs as the Victoria Avenue job, and that the defendants ''paid out for and on account of labor performed and materials furnished for said building the sum of $8,256.09.'' It is undisputed that the plaintiff delivered the sum of $10,000 to the defendants, as found by the referee. The evidence showing the amount paid out by the defendants in the construction of the building, which consists of numerous items, is too long to set out, and it is deemed sufficient to say that it clearly justifies the finding of the referee in relation thereto. The contract between the parties provides: ''For and in consideration of ten per cent of the total cost of said work, and including both labor and materials, to be by said owners paid to said builders, said builders will build, superintend and oversee the building and constructing of said work in accordance with said plans, subject to such changes as may be agreed upon, to use diligence and care in said construction; builders' charge of ten per cent to be paid only on the actual cost of building. Said cost to be based upon estimate furnished before building is started. Said building to not exceed total cost of ten thousand one hundred twenty-five dollars, including said ten per cent commission. If the total cost is less than ten thousand one hundred twenty-five dollars, 1½ per cent of saving to be paid to Fickett & McFadden in addition to ten per cent. If building exceeds ten thousand one hundred twenty-five dollars, overcharge to be deducted from said ten per cent commission, to the extent of the commission only.''

The evidence shows without dispute that, in addition to the $10,000 advanced to defendants, the plaintiff paid out the sum of $4,779.35 in discharging claims for labor and material contracted for and used by defendants in the construction of the building. Unpaid bills for the greater part of this sum were turned over by defendants to the plaintiff to be paid by the latter. Defendant Fickett testified that the reasonable cost of the building was $14,000. Other witnesses for defendant testified that the reasonable cost of the building was $14,000 or more. Some changes were made in the original plans, at plaintiff's request, which caused an additional expense of a few hundred dollars. If the additional amount so expended be deducted from the total cost of the building, the remainder greatly exceeds the sum of $10,125, and it follows that the defendants, under the terms of the contract were not entitled to any compensation for superintending and overseeing the construction of the building. It was the duty of the defendants, therefore, to pay claims with or return to the plaintiff the unexpended part of the $10,000 advanced by the plaintiff.

[1] Appellants contend that the payments made by the plaintiff in satisfaction of claims for labor and materials were not made for defendants' benefit or at their request, but that they were made voluntary payments for which no recovery can be had. The delivery by the defendants to the plaintiff of unpaid bills, under the circumstances stated, implied a request that the plaintiff pay them. Without consideration of that fact, however, the plaintiff was under legal obligation, as between him and the claimants, to pay the amounts due them. It was the legal duty of the defendants to pay such claims to the extent of the moneys remaining in their hands which had been advanced by the plaintiff.

[2] An action may be maintained "by a person who is legally compelled to pay money which another is under legal obligation to pay, or who, to relieve himself from liability or to save himself from damage, pays money, not officiously, which another person ought to have paid; for in such cases the law implies a request on the part of such other person, and a promise to repay." (17 Cal. Jur. 587.) [3] "One who is compelled, by reason of a legal liability therefor, to pay an obligation for which another in equity and good conscience

should pay, may recover from that other the money so paid. It is not necessary that the payment should have been coerced by actual legal proceedings; the mere existence of the legal liability is sufficient." (41 C. J. 13.)

[4] It is contended that there is a material variance between the "allegations of the complaint and bill of particulars" and the evidence. If it be conceded that the bill of particulars should have set forth the respective amounts advanced to and paid out by the defendants and the balance remaining in their hands, rather than the amounts paid by the plaintiff in satisfaction of unpaid claims, it does not appear that the defendants were in any manner prejudiced by the course pursued. But it cannot be held that there is a material variance. The plaintiff was legally compelled to pay the claims in question which the defendants should have paid to the extent of plaintiff's money which remained in their hands. The fact that the bill of particulars set forth a greater sum than plaintiff was entitled to recover is immaterial.

[5] Appellants contend that the defendants "should have been permitted to testify as to moneys owing defendants by plaintiff on another job," referred to as the Glendale job. The defendants did not plead such indebtedness by counterclaim or cross-complaint or otherwise and, therefore, evidence relating thereto would have been immaterial. [6] It is also contended that it was error to exclude evidence of expenditures made by the defendants on the Glendale job. It appears that the Glendale building was commenced during the progress of the work on the Victoria Avenue building. In appellants' opening brief it is said: "It appears by the evidence that $10,000 was paid to defendants by the plaintiff R. D. Weaver on the Victoria Avenue job, and $2,000 on the so-called Glendale job." The plaintiff so testified. Appellants have called attention to no evidence showing the terms of the contract under which the Glendale building was being constructed. In the absence of such showing it cannot be determined whether or not evidence of the amount expended in such construction was material, and, under such state of the evidence, the ruling complained of was not erroneous.

[7] The referee received evidence and made findings to the effect that for certain labor and materials the defendants

paid more than the reasonable value thereof. It does not appear, however, that any deductions were made on account thereof from the total amount paid out by the defendants, and, therefore, the defendants were not prejudiced by such evidence and findings.

[8] Appellants contend that the findings are insufficient because it is not found that the defendants are copartners. The complaint alleges that the defendants are copartners and the answer does not deny the allegation, hence no finding thereon is necessary. [9] It is also contended that "there should have been a finding to the effect that plaintiff had paid out the money recovered in said judgment by plaintiff for the benefit of defendants, and under agreement with defendants, or under authority of defendants." There was no dispute as to the fact that the plaintiff paid the money for labor and materials used in the construction of the building. The referee found the respective amounts advanced to and paid out by the defendants. The contract between the parties shows that the plaintiff was under legal obligation to laborers and materialmen to pay the sums due them, and having done so, the law implies a request on the part of the defendants and a promise to repay the plaintiff to the extent of plaintiff's money remaining in their hands.

The judgment is affirmed.

Shields, J., *pro tem.*, and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1927.