[Civ. No. 8939.   Second Appellate District, Division One.—January 28, 1935.]

LULU M. PAGE, Executrix, etc., Appellant, v. HARRI-ETTE M. PODOL, Respondent.

William Ellis Lady for Appellant.

Fred W. Morrison for Respondent.

EDMONDS, J., *pro tem.*—The defendant had judgment in an action brought by her former husband, Andrew ·J. Berry, to recover one-half of a deficiency in income tax paid by him after dissolution of the marriage on the profits of their dealings in property held by them in joint tenancy during the marriage relation. Plaintiff died since the trial and an appeal from the judgment is prosecuted by his executrix.

In the years 1927 and 1928 Dr. Berry and the defendant, his then wife, sold certain stock which had theretofore been acquired by their joint efforts and held by them as joint tenants. The husband, while he and his wife were living together, made a joint income tax return for these transactions and paid the tax computed by him thereon.

All of the property which had been accumulated was equally divided between the parties in 1928 by a written agreement. In 1930 the defendant secured a decree of divorce from her husband in Nevada, subsequently remarrying. After the divorce the commissioner of internal revenue demanded from Dr. Berry the sum of $4,069.16 claimed to be due the government upon a redetermination of the taxes. Upon formal notices and demands from the commissioner Dr. ,Berry demanded that his former wife pay one-half of the amount which she refused to do. Dr. Berry then paid the tax claimed and sued to recover one-half of the amount.

The property of the husband and wife held in joint tenancy constituted one estate in which the rights of each were identical and coextensive. (*Siberell* v. *Siberell,* 214 Cal. 767 [7 Pac. (2d) 1003].) When this property was sold both husband and wife became liable for the tax on the profits made. The return was made by the husband under the provisions of the Federal Income Tax Law allowing a single joint return for the income of a husband and wife living together.

The Revenue Act of 1928 provides in section 51: '' (b) HUSBAND AND WIFE. If a husband and wife living together have an aggregate net income for the taxable year of $3,500 or over or an aggregate gross income for such year

of $5,000 or over— (1) Each shall make such a return, or (2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.''

The regulations of the commissioner of internal revenue promulgated in connection with that act required the husband to include certain income of his wife in his own return. ''The husband shall include in his return the income derived from services rendered by the wife or from the sale of products of her labor if she does not file a separate return or join with him in a return setting forth her income separately.'' (Art. 381 of Regulations, 74.)

Plaintiff relies upon the equitable doctrine that one who is compelled to pay a debt or whose property is made liable for a debt which another in good conscience ought to pay is entitled to recover against that other the amount so paid. In commenting upon this rule the Supreme Court said in *Finnell* v. *Finnell,* 159 Cal. 535, 539 [114 Pac. 820] : ''The soundness of this doctrine has been upheld by innumerable decisions of courts of the highest authority in many jurisdictions, and it is so obviously just and reasonable that it is matter of wonder that it should ever have been called in question.'' ■ A person who, not acting voluntarily, pays taxes for which another is legally or equitably bound is entitled to recover upon this principle. (*Fresno Investment Co.* v. *Brandon,* 79 Cal. App. 387 [249 Pac. 548].)

Defendant relies upon the case of *Huddleston* v. *Washington,* 136 Cal. 514 [69 Pac. 146], in which a remainderman was not allowed to recover from a life tenant taxes paid by her. The court held in that case that as the life tenant must pay the taxes, the action of the remainderman in having the property assessed to her and paying the taxes thereon against the wish of the tenant for life and without her authority made the remainderman a volunteer who could not recover. This is an entirely different situation from the case at bar.

■ Here the federal government was entitled to the taxes upon the profits made through the sale of the joint property. The original property and the profits thereon were represented by the property which the parties divided equally when they settled their property rights. The fact that the husband made a return for the benefit of his wife

either under the provision allowing a joint return by husband and wife, or on behalf of both as joint tenants of the property should not cast upon him the sole liability for the income taxes. He was authorized to make the return for both. He had an interest to protect in making the return and also in paying the deficiency. The government would not accept less than the full amount of the deficiency from him and he was compelled to pay the whole sum to prevent proceedings against him or his property for its collection.

No coercion by the commencement of legal proceedings was necessary. The existence of the liability was sufficient basis for Dr. Berry to make the payment and give him the right to recover from the defendant one-half the amount paid. (*Miller & Lux, Inc.,* v. *Sparkman,* 128 Cal. App. 449 [17 Pac. (2d) 772].)

The judgment is reversed and the amount of the payment to the government not being disputed, the court below is ordered to enter judgment in favor of the plaintiff for the sum of $2,034.58, with interest at the rate of seven per cent per annum from April 15, 1931.

Conrey, P. J., and Houser, J., concurred.