44 Cal.App.2d Supp. 939 (1941)
BRANDTJEN & KLUGE, INC. (a Corporation), Appellant,
v.
C. F. FINCHER, Respondent.
California Court of Appeals. 
April 2, 1941.
 Catlin & Catlin for Appellant.
 Nixon A. Lange and Arch G. McLay for Respondents.
 SHAW, P. J.
 In each of these cases the plaintiff appeals from a judgment entered against it after a demurrer to its amended complaint had been sustained without leave to amend. The complaints are identical except for names of defendants, dates and amounts of interest and penalties, and statements of facts hereinafter made must be understood as applying to both cases. In each complaint it is alleged, in [44 Cal.App.2d Supp. 941] substance, that the plaintiff, being a retailer maintaining a place of business in this state, in 1936 sold a printing press to the defendant at St. Paul, Minnesota, for use in this state, at a price on which the use tax would be $60.72, that the defendant has not paid the use tax, and that the plaintiff, by virtue of a judgment obtained against it by the state, has been compelled to pay to the state said tax, with interest and penalties, all of which plaintiff seeks to recover.
 The use tax is provided for by a statute of 1935, designated as the "Use Tax Act of 1935," (Stats. 1935, p. 1297; Deering's Gen. Laws, 1935 Supp., Act 8495a). It has since been amended but as this case arose before the amendments they are not material, except as hereinafter stated. The act provides: "An excise tax is hereby imposed on the storage, use or other consumption in this State of tangible personal property purchased from a retailer on or after July 1, 1935, for storage, use or other consumption in this State at the rate of three per cent of the sales price of such property. Every person storing, using or otherwise consuming in this State tangible personal property purchased from a retailer shall be liable for the tax imposed by this act, and the liability shall not be extinguished until the tax has been paid to this State." Section 3. Detailed provisions for enforcing this liability are made by various sections. Section 6 provides that "Every retailer maintaining a place of business in this State ... shall at the time of making such sales collect the tax imposed by this act" and "The tax herein required to be collected by the retailer shall constitute a debt owed by the retailer to this State." Section 7 requires every such retailer to pay such tax to the state within a certain time limit and, with other sections, sets up a procedure for compelling him to do so. In behalf of the defendants it is contended that, by reason of the provisions of section 6, the plaintiff merely discharged its own debt when it made the payment to the state and hence there is no basis for a recovery by it from defendants of the amount so paid.
 [1] The use tax is not a property tax, but an excise tax, as it purports to be, and is valid. (Douglas Aircraft Co., Inc., v. Johnson (1939), 13 Cal.2d 545 [90 PaCal.2d 572]; Southern Pac. Co. v. Gallagher (1939), 306 U.S. 167 [59 S.Ct. 389, 83 L.Ed. 586].) The Use Tax Act is complementary to the "Retail Sales Tax Act of 1933" (Stats. 1933, p. 2599; [44 Cal.App.2d Supp. 942] Deering's Gen. Laws, 1933 Supp., Act 8493; Douglas Aircraft Co., Inc., v. Johnson, supra; Southern Pacific Co. v. Gallagher, supra). The Sales Tax Act imposes a tax directly on the retailer for the privilege of selling, and not on the consumer (Western L. Co. v. State Bd. of Equalization (1938), 11 Cal.2d 156, 162 [78 PaCal.2d 731, 117 A.L.R. 838]; De Aryan v. Akers (1939), 12 Cal.2d 781, 783 [87 PaCal.2d 695]), and is limited by the terms of section 3 thereof to sales made in this state. While the Use Tax Act, in the terms of section 3 thereof above quoted, imposes a tax on the use etc., of all property purchased from a retailer for use in this state, section 4 thereof exempts from the use tax all sales which are subject to the sales tax, that is, all sales made in this state, so that the Use Tax Act in reality affects only property purchased out of the state. [2] One of the purposes of the Use Tax Act is to help retailers in the state, who are subject to the sales tax, to compete on terms of equality with retailers out of the state who are exempt from the sales tax. (Douglas Aircraft Co., Inc., v. Johnson, supra.) This purpose could not be fully accomplished by imposing the direct liability for the use tax on the retailer, who would in many cases be outside of the state and not subject to its laws at all. [3] It can be carried out by levying the tax on the purchaser who brings the property into this state for use. Accordingly section 3 of the Use Tax Act imposes the tax, not on "the privilege of selling tangible personal property," as does the Sales Tax Act, but on the "storage, use or other consumption" of such property in the state, and makes the purchaser, not the seller, liable for the tax. Being the only liability which would be effective in all cases, this liability of the purchaser is necessarily the primary liability.
 While the provisions which require the retailer, in certain cases where he can be reached, to collect the tax and pay it over to the state are valid and set up a statutory scheme making the retailer an agent of the state for collection (Felt & Tarrant Mfg. Co. v. Gallagher (1939), 306 U.S. 62 [59 S.Ct. 376, 83 L.Ed. 488]), they do not shift the direct burden of the tax from the purchaser to the retailer, nor do they relieve the purchaser from the primary liability cast on him by section 3 unless he pays the tax to the retailer. The provision of section 6 making the tax a debt of the retailer to the state, where he is required to collect it, is a part of this [44 Cal.App.2d Supp. 943] statutory scheme, and its effect, where such collection is not made, is merely to hold the collection agent liable for his default in the performance of his duty as such. In such a case the unpaid tax may yet be collected by the state from the purchaser under sections 21 and 22, which provide proceedings looking to such collection.
 [4] Since the liability of the plaintiff here, as retailer, was only secondary and that of the defendants was primary, it follows that the tax should have been paid by defendants rather than plaintiff, and plaintiff stands in a position analogous to that of a surety for defendants. This brings into operation the rule thus stated in Page v. Podol (1935), 4 Cal.App.2d 229, 231 [41 PaCal.2d 167]: "one who is compelled to pay a debt or whose property is made liable for a debt which another in good conscience ought to pay is entitled to recover against that other the amount so paid. ... A person who, not acting voluntarily, pays taxes for which another is legally or equitably bound is entitled to recover upon this principle." To same effect see Fresno Inv. Co. v. Brandon (1926), 79 Cal.App. 387, 389 [249 P. 548]; San Gabriel etc. Co. v. Witmer etc. Co. (1892), 96 Cal. 623, 635 [29 P. 500, 31 P. 588]; McMillan v. O'Brien (1934), 219 Cal. 775, 780 [29 PaCal.2d 183]; 41 C.J. 14, 15. In order to entitle one to recover in such a case it is not necessary that he pay the tax under duress of person or property, or by compulsion of legal proceedings. It is sufficient if he does so to relieve himself from legal liability for the tax paid. (Page v. Podol, supra; Miller & Lux, Inc., v. Sparkman (1932), 128 Cal.App. 449, 453, 454 [17 PaCal.2d 772]; 41 C.J. 13; see, also, Weaver v. Fickett (1927), 82 Cal.App. 116, 120, 121 [255 P. 257].)
 The fact that defendant's liability for the tax was extinguished when plaintiff paid it to the state, as indicated in section 3 of the act, does not prevent the application of the rule just stated to the case. Such a result is assumed in the very statement of that rule, which calls for a payment of the tax. The liability of defendant to plaintiff is not upon the tax, but is implied by law from the circumstances of the case, and arises only when plaintiff has paid the tax. It is similar in this respect to the liability of a principal to a surety who has paid the debt of the principal. (See Yule v. Bishop (1901), 133 Cal. 574 [62 P. 68, 65 P. 1094]; Merner [44 Cal.App.2d Supp. 944] L. Co. v. Brown (1935), 218 Cal. 136, 140 [21 PaCal.2d 590].)
 [5] Since defendant's liability here sued on arose when plaintiff paid the tax (Lowenthal v. Coonan (1902), 135 Cal. 381 [67 P. 324, 1033, 68 P. 303, 87 Am.St.Rep. 115]), none of the pleas of statutes of limitations is well taken. The time elapsing between plaintiff's payment and the bringing of this action was only 14 days, which is less than that allowed by any of the statutes pleaded.
 [6] The Use Tax Act, in section 28, authorizes a suit by the state for collection of the tax from one in the situation of plaintiff here to be brought within three years after the delinquency of the tax. Section 20 provides for a summary proceeding against such a person, in which a judgment may be entered without litigation, which by the 1939 amendment of section 20 (Stats. 1939, p. 2162) must be commenced within three years after the amount is due. We assume, without deciding, that this limitation of time, first introduced into section 20 in 1939, is applicable to the liability of plaintiff to the state. The complaint here does not show under which of these sections proceedings by the state to compel plaintiff to pay the tax were taken nor when such proceedings were begun; but it does appear therefrom that the judgment was rendered more than three years after the time for taking such proceedings began to run. Defendants argue that the state's proceeding may have been barred, and that if it was no liability to reimburse plaintiff was placed on defendants by plaintiff's payment. It may be that the same rule should be applied here as in case of an ordinary surety, who, it is said, cannot recover from his principal if he pays a debt which is barred as to the surety by the statute of limitations and which he is under no legal obligation to pay (see Ryland v. Commercial etc. Bk. (1900), 127 Cal. 525, 527 [59 P. 989]), and that the rule should be extended to cover cases where the surety is compelled by legal proceedings to pay a barred claim only because he has neglected to set up the bar of the statute. But the facts from which such a defense, if it be a defense, could arise do not appear in the complaint. If defendant desires to present such facts as a defense, they must be pleaded by answer.
 [7] Since defendant did not pay the tax, obviously plaintiff did not collect it, although the latter fact is not directly [44 Cal.App.2d Supp. 945] alleged. The plaintiff is therefore at fault equally with defendant in the non-payment of the tax when due, but this fact did not release the defendant from liability for the tax or cast the primary liability on plaintiff, and hence does not afford a complete defense to the action. Possibly it may, as defendant contends, defeat plaintiff's claim for the interest and penalties it was required to pay to the state, since the rule under which plaintiff can recover here is based on equitable principles; but we make no decision on this point, for if well taken it affords no ground for sustaining the demurrer.
 In each case the judgment is reversed and the cause is remanded to the justice's court with directions to overrule the demurrer to the amended complaint and permit defendant to answer, each appellant to recover its costs of appeal.
 Bishop, J., and Fox, J., concurred.