[Civ. No. 8880.   Third Dist.   Dec. 28, 1956.]

ALBERT J. BATINI et al., Respondents, v. LOUIS HOFFMAN et al., Appellants.

G. H. Van Harvey for Appellants.

Falk & Falk for Respondents.

VAN DYKE, P. J.—Opinion after rehearing granted.

This is an appeal from a money judgment in an action brought upon a common count for an amount alleged to have been paid by respondents on behalf of the appellants.

The money paid by respondents was paid in satisfaction of a judgment recovered against respondents by one Nelson Rossig. In that prior action Rossig sued respondents herein, appellants herein, and Marine Electric Company, a corporation, for the reasonable value of his services in installing on the property of respondents certain refrigeration equipment which respondents had purchased from appellants, and which appellants in turn had purchased from Marine Electric Company. In the Rossig action appellants herein and Marine Electric Company were granted nonsuits at the close of Rossig's case in chief. The action then proceeded against respondents herein, and Rossig obtained a judgment against them. Respondents paid the judgment and then brought this action to recover from appellants the money so paid out by respondents, alleging it to have been paid out on behalf of appellants and at their request. In response to the common count pleaded against them by respondents the appellants generally denied the allegations of the complaint and pleaded a special defense of res judicata, alleging that in the prior action brought by Rossig all issues as between respondents and appellants herein, codefendants in the Rossig action, had been litigated, and that it had thus been adjudged as between the parties to this action that any sums that may have been

paid by respondents upon the demand of Rossig were as between the parties hereto the sole obligation of respondents herein and not money laid out for appellants' benefit.

The judgment roll in the prior action was introduced in evidence at the trial of this action, and an inspection thereof reveals the following: By his complaint Rossig made the following allegations against respondents herein, appellants herein, and Marine Electric Company: That within four years last past the defendants and each of them became indebted to Rossig for services and material and parts furnished them in the installation of a refrigeration system in a building owned by Batini and Massei in Eureka, California, which services, material and parts were of the reasonable value of $641.97. Judgment was prayed against all of the defendants. Respondents herein answered, denying generally said allegations. Marine Electric Company likewise answered, denying the allegations and alleging affirmatively that it had sold certain machinery and equipment to appellants herein and had shipped the same to Eureka. Appellants herein answered, denying generally said allegations. Upon these pleadings the cause went to trial.

The judgment of nonsuit recites that after the evidence of plaintiff had closed, Marine Electric Company and appellants herein moved for a judgment of nonsuit upon the ground that the plaintiff had failed to prove a sufficient case as to each of said defendants. It was then recited that the motions for nonsuit were granted. Judgment of nonsuit followed. The judgment rendered against respondents herein on the merits appears to have been made after written waiver of findings of fact and conclusions of law and is simply a money judgment that Rossig recover of respondents herein the sum of $641.97, plus interest and costs.

The record of *Rossig* v. *Batini et al.* introduced in evidence does not establish the defense of res judicata. The judgment of nonsuit in favor of Marine Electric Company and appellants herein, coming at the close of Rossig's evidence in chief, came at a time in the trial of that case when for aught that appears from the judgment roll Rossig had simply failed for some reason to make a prima facie case against respondents' codefendants. At that point in the case respondents herein had not been called upon to rebut anything placed in evidence by Rossig. When their codefendants moved for nonsuit they were in no position to oppose and when their codefendants were, at their own solicitation, excluded

from further proceedings it is patent that there could not thereafter have been any adjudication of rights and obligations between themselves and respondents. Indeed, our recital of the pleadings shows that they had tendered no such issues in the Rossig action. It is obvious that appellants herein by the introduction in evidence of the judgment roll in the prior action wholly failed to establish the defense of res judicata.

Appellants further contend that there is not sufficient evidence in the record to sustain the trial court's findings of fact. These findings may be summarized as follows: That on October 16, 1946, the respondents and appellants entered into an agreement providing in part that appellants would furnish to respondents certain refrigeration equipment; that by the terms of that agreement appellants agreed to install the equipment in the premises of respondents; that thereafter appellants engaged the services of Marine Electric Company as subcontractors to install said equipment; that Marine Electric Company engaged Rossig to do the work; that Rossig did the work and presented his charges therefor to respondents herein, which charges were reasonable for the work done; that respondents paid the charges of Rossig in accordance with the judgment rendered in favor of Rossig against respondents herein in an action brought by Rossig against respondents herein; that in said action appellants herein were joined as codefendants with respondents, but that during the course of the trial a nonsuit was granted in appellants' favor. In the findings the trial court stated further that the judgment in the Rossig action did not constitute an adjudication of the issues pleaded in the present action between respondents and appellants, nor present any issue as to any liability of appellants to respondents for the charges of Rossig. The court further found that upon payment of the Rossig judgment, appellants herein became indebted to respondents for the money so laid out.

As to the terms of the agreement between respondents and appellants, Mr. Batini, testifying at the trial of the action herein, said that the agreement placed upon appellants the burden not only of furnishing the refrigeration equipment, but also that of installing it and all for the agreed price which respondents paid to appellants. That testimony sufficiently supports the trial court's finding that by the terms of the agreement appellants promised to install the refrigeration equipment in the premises of respondents. There was other

evidence to the same effect. Thus, when Rossig threatened to sue respondents, Mr. Batini forwarded the demand to Mr. Stelling, one of appellants, appending the following notation: "Are you going to pay your Bills—WITH OUR MONEY—or have us *sewed*. This is not our way of doing Business. We paid you promptley." Stelling wrote in reply that the Marine Electric Company was responsible for the bill as "The supplying of the refrigeration equipment and its installation was a sub-contract between ourselves and the Marine Electric Company of San Francisco." ▪ The situation presented then is this. Appellants agreed to sell and, at their cost, to install on the premises of respondents certain refrigeration equipment. So far as respondents were concerned appellants performed that agreement, Mr. Rossig doing the work of installation. The contract was completed and no breach thereof occurred. Nevertheless, Rossig was able to obtain a judgment against respondents. We are not here concerned with the circumstances under which that occurred, for as between appellants and respondents the money respondents were forced to pay Rossig ought to have been paid by appellants. Respondents, therefore, were compelled to lay out money for the benefit of appellants, and the trial court correctly adjudged that appellants were thereupon obligated to repay the moneys so laid out. It was said in *Weaver* v. *Fickett*, 82 Cal.App. 116, 120 [255 P. 257]:

". . . 'One who is compelled, by reason of a legal liability therefor, to pay an obligation for which another in equity and good conscience should pay, may recover from that other the money so paid. It is not necessary that the payment should have been coerced by actual legal proceedings; the mere existence of the legal liability is sufficient.' "

We quote the following from *Page* v. *Podol*, 4 Cal.App.2d 229, 231 [41 P.2d 167]:

"Plaintiff relies upon the equitable doctrine that one who is compelled to pay a debt or whose property is made liable for a debt which another in good conscience ought to pay is entitled to recover against that other the amount so paid. In commenting upon this rule the Supreme Court said in *Finnell* v. *Finnell*, 159 Cal. 535, 539 [114 P. 820]; 'The soundness of this doctrine has been upheld by innumerable decisions of courts of the highest authority in many jurisdictions, and it is so obviously just and reasonable that it is matter of wonder that it should ever have been called in question.' "

Appellants contend that there was in the record no evidence that the amount paid by respondents was the reasonable value of the work of installing the refrigeration equipment. Assuming that such proof was necessary, the assignment is not supported by the record. During the trial Mr. Stelling admitted that if all of the equipment, including tubing and gas, which was itemized in the statement from Mr. Rossig, had been necessary for the job then the charges would not have been unreasonable; and Mr. Batini testified directly that all of the items itemized had actually been used in the installing of the equipment.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.