[Civ. No. 21185. Fourth Dist., Div. Two. Mar. 19, 1980.]

S. COLLINS, Plaintiff and Respondent, v.
ADAIR ROOFING, INC., Defendant and Appellant.

COUNSEL

Dennis K. Hasty and Stella A. Ruiz for Defendant and Appellant.

Cohen & Lewin and Melvin F. Cohen for Plaintiff and Respondent.

OPINION

CAMPBELL, J.*—This is an action to recover the sum of $22,644.86 paid under protest by respondent's assignor International Paper Company (hereafter IPCO) for the use taxes applicable to the storage, use or consumption of wooden shingles purchased by the appellant Adair Roofing, Inc. (hereafter Adair) from IPCO. IPCO is a foreign corporation with no offices, employees or agents within the State of California. Adair is a California corporation doing business in California.

Over a period of time Adair purchased wooden shake shingles from IPCO for a total purchase price of $452,894.11. The shingles were purchased for use and were used by Adair, and were not for resale. The price quoted to Adair by IPCO and paid by Adair to IPCO was "net." The purchase order confirmations and invoices contained the following language: "Any sales, use or transport tax is for buyer's account." ■ The trial court held that the quoted language was clear and unambiguous and we agree. The quoted language constituted a clear and unambiguous statement to Adair from IPCO that IPCO was not collecting any use tax from Adair. There was no conflict in the evidence and the court properly found that IPCO had not collected the use tax from Adair pursuant to Revenue and Taxation Code section 6201 et seq.

The court found in favor of IPCO and made findings of fact and conclusions of law, and a judgment for the amount of the prayer was entered for IPCO and against Adair. In the court's memorandum of intended decision, the court made it clear that it was following the mandate of *Brandtjen & Kluge v. Fincher*, 44 Cal.App.2d Supp. 939 [111 P.2d 979], a 1941 case decided by the Appellate Department of the Los Angeles Superior Court.

The facts of the *Brandtjen* case are indistinguishable from the instant case in all material respects.

Adair contends that the *Brandtjen* case was wrongly decided, and that we should disapprove of the statements of law therein contained, and reverse the judgment.

*Assigned by the Chairperson of the Judicial Council.

Appellant concedes, as he must, that *Brandtjen* has been cited with approval in many subsequent cases, e.g., *Bank of America v. State Bd. of Equal.* (1962) 209 Cal.App.2d 780 [26 Cal.Rptr. 348]; *Montgomery Ward & Co. v. State Bd. of Equalization* (1969) 272 Cal.App.2d 728 [78 Cal.Rptr. 373]; *Beneficial Standard Life Ins. Co. v. State Board of Equalization* (1962) 199 Cal.App.2d 18 [18 Cal.Rptr. 432]; *Xerox Corp. v. County of Orange* (1977) 66 Cal.App.3d 746 [136 Cal.Rptr. 583], but he contends that each of those cases was a sales tax case and not a use tax case, and therefore the citations with approval were dicta. We have reviewed the *Brandtjen* case in detail and find that it was correctly decided.

We disagree with appellant's contention that the *Brandtjen* case is ambiguous and is subject to more than one interpretation.

There was substantial evidence to support the trial court's findings of fact and the trial court made all of the findings necessary for its decision. The trial court's conclusions of law were correct and in accord with the *Brandtjen* case.

Adair contends that requiring Adair to pay IPCO the amount IPCO paid on behalf of Adair would constitute unjust enrichment to IPCO. The contrary is true. The sales and use tax statutes have been carefully drawn to assure, inter alia, that California sellers shall not be placed at a competitive disadvantage by permitting California purchasers to avoid the tax consequences of a purchase of goods from non-California sellers. To the extent that California purchasers, including Adair, are permitted to avoid the payment of the tax consequences of purchasers of goods from non-California sellers, California sellers are subjected to an increased risk of being placed at a competitive disadvantage. IPCO was not only not unjustly enriched but was not enriched at all. IPCO was merely made whole. Adair was not unjustly required to pay a tax because all similarly situated purchasers are made responsible for the payment of such tax by the applicable statutes.

The trial court's finding that ". . . both parties believed that the transaction was tax free" was supported by substantial evidence. It is clear from the court's finding that neither party intentionally sought to take an economic advantage of the other or intentionally sought to avoid a collection or payment of the use tax. There was no substantial evidence which would justify a finding that IPCO was more at fault or more culpable than Adair. There is nothing in the record which would justify

our finding that the trial court erred in not holding that the equities favored Adair and that it would be inequitable to require Adair to reimburse IPCO for the taxes paid by IPCO on behalf of Adair.

The trial court's award of interest from December 20, 1974, to the date of judgment was not an abuse of discretion. (Civ. Code, § 3287.)

We have reviewed Adair's additional arguments and contentions in detail and find them to be without merit.

The judgment is affirmed.

Tamura, Acting P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 17, 1980, and appellant's petition for a hearing by the Supreme Court was denied May 14, 1980.